## FRANKLIN G. DEXTER & others *vs.* EPISCOPAL CITY MISSION & others.

Suffolk. Jan. 23. — March 2, 1883. FIELD & W. ALLEN, JJ., absent.

Personal property was conveyed by an indenture, in trust to pay from the "net income" an annuity to the sister of the grantor "during her life;" to pay from the "net income" an annuity to a charitable corporation "during the continuance of this trust;" "after the payment of said sums," to invest the remainder of the income, "to be accounted for as an accumulation of the capital fund," until certain grandchildren of the grantor became of age, and then to pay them certain specified sums; after payment of these sums, then "after paying out of the income the said annuities," to divide the remaining income among the four children of the grantor, until a certain grandchild should arrive at the age of twenty-five years, and one or more of the grantor's children should die; on said grandson arriving at the age of twenty-five years, "and after payment of all the said sums specifically directed to be paid," to pay "one fourth part of the remaining accumulated principal and income" on the death of any child to such person as he should by will appoint, or, in default of appointment, to his issue, "it being the intention of the grantor that each child shall have and receive its equal share of the income of the whole fund after the period" when the said grandchild should have attained to the age of twenty-five years, and that, after his death, "his equal portion of the principal and any accumulated income" should be subject to his disposal by will, or should go to his issue. *Held,* that the trust in favor of the charitable corporation continued after the arrival of the grandchild at the age of twenty-five years, and until the death of the sister of the grantor and the decease of all of the grantor's children.

BILL IN EQUITY, filed February 27, 1882, by the surviving trustees under an indenture executed by William Appleton on January 25, 1862, to determine whether a provision made, in the third article of the indenture, for the benefit of the first-named defendant, was still in force.

The indenture, a copy of which was annexed to the bill, conveyed to trustees named certain shares of corporate stock, upon certain trusts, as therein set forth. The provisions which need now be stated were as follows:

Article 1 provides for keeping the trust fund invested in certain securities named.

Article 2. "To collect and receive the income to accrue therefrom, and, after deducting all reasonable and necessary costs and charges, in trust to pay from such net income the sum of one thousand dollars annually to Mrs. S. H. A. Burnham, sister of the grantor, to her sole use during her life."

Article 3. " To pay from said net income to the trustees of the Boston City Missionary Society, located in Purchase Street, Boston, the sum of six hundred dollars annually during the continuance of this trust."

Article 4. " After the payment of said sums, to invest the remainder of such income as soon as reasonably may be, in like good and safe securities, to be accounted as an accumulation of the capital fund," until a certain grandson of the grantor should arrive at the age of twenty-one years, and then to pay him a certain sum, with provisions in case of his death with or without issue living.

Articles 5 and 6 contained similar provisions for other grandchildren of the grantor.

Article 7. " In like manner to collect and invest the income of the residue, until Franklin Dexter, grandson of the grantor, shall arrive at the age of twenty-one years," and then, if living, to place a certain sum in trust for him, with a provision in case of his death before attaining that age. " And then to collect and invest the income of the residue, until he shall arrive at the age of twenty-five years, if he shall so long live," and then to place an additional sum in trust for him, with provisions in case of his death before attaining that age.

Article 8 contains provisions for the payment to persons named of certain sums " from out of the principal fund and accumulated income," when Franklin Dexter shall have attained the age of twenty-five years.

Article 9 provides that after the payment of the sums directed to be paid to, or deposited in trust for, the persons named in the 4th, 5th, and 6th articles, if the amounts remaining should be in the opinion of the trustees at least one million of dollars, then, " after paying out of the income the said annuities, to divide the remaining income thereafter accruing to and among the four children of the grantor, William Appleton, Jr., Charles H. Appleton, Sarah E., wife of said Amos A. Lawrence, and Hetty, wife of said Thomas Jefferson Coolidge, equally, or the issue of either or any of them, who shall have deceased, taking by representation the share the parent would have taken if living, or if either shall have deceased without issue, then to pay over his or her share to such person or persons as he or she

shall have appointed and directed by his or her last will, and for want of any such issue or will, to pay over the same to his or her heirs at law until the said Franklin Dexter shall have arrived at the age of twenty-five years, or the period shall have arrived at which he would have attained to that age, and the death of one or more of the said children of the grantor; upon the happening of both which events, a partition of the capital fund shall be instituted as hereinafter provided."

Article 10. "After the period when the said Franklin Dexter shall have attained to the age of twenty-five years, or would so have attained, if living, and after payment of all the said sums above specifically directed to be paid or deposited, then, upon the subsequent decease of either of the said children of the grantor, William, Charles H., Sarah E., or Hetty, or if either of them shall then have deceased before that period, to pay over one fourth part of the remaining accumulated principal and income, in whole or in parts, to such person or persons, and upon such terms and conditions, as such deceased child shall, by his or her last will and testament, have directed and appointed, and which will or appointment the said daughters are hereby empowered to make, any their coverture notwithstanding, and upon failure of any such will or appointment, then in trust to pay said fourth part to the issue of such deceased child, and upon failure of such will or appointment and issue, then to pay over the same to his or her executors or administrators, for the benefit of his or her heirs at law who would have been entitled to receive the same under the statutes of distribution, if he or she had died in possession thereof. And, upon the subsequent death of any other child, in trust to pay over its share of the residue of the remaining fund and accumulated income in like manner; it being the intention of the grantor that each child shall have and receive its equal share of the income of the whole fund after the period when the said Franklin should have attained to the age of twenty-five years, if living; and that upon the decease of either, before or after that time, his or her equal portion of the principal, and any accumulated income existing at the time of his or her decease, shall be subject to his or her disposal by will, and for want thereof descend to his or her

issue, or heirs at law, as above provided, until the death of the last survivor of them."

The bill alleged, that William Appleton, Jr. died on February 10, 1877; that Charles H. Appleton died on April 3, 1874; that Mrs. Burnham was still living; that the trustees of the Boston Missionary Society had been incorporated at the date of the indenture under the name of the Episcopal City Mission, and was the corporation intended to be the recipient of the annuity mentioned in the third article of the indenture; that the trust fund amounted to more than one million of dollars; and that Franklin Dexter would arrive at the age of twenty-five years on May 10, 1882.

The answer of the Episcopal City Mission admitted the allegations of the bill, and stated its claim to be that the corporation was entitled to $600 annually until the decease of Mrs. Burnham and of the surviving child of the grantor; and that its right did not cease on Franklin Dexter's arriving at the age of twenty-five years.

The answer of the other defendants admitted the allegations of the bill, and stated their claim to be that the trust ended on Franklin Dexter's arriving at the age of twenty-five years.

Hearing, upon the bill and answers, before *Devens*, J., who reserved the case for the consideration of the full court.

*J. C. Ropes & E. M. Parker*, for the Episcopal City Mission.

*S. Bartlett*, for the other defendants.

C. ALLEN, J. The considerations in favor of one or the other construction of this indenture are nearly equal; but upon the whole it appears to us more probable that the founder of the trust meant to continue the annuity to the City Missionary Society till all the trusts should be fulfilled. His main purpose will be substantially carried out by making a partition of all the capital fund, except so much thereof as may be sufficient to provide for the payment of this annuity and that to Mrs. Burnham; which portion may be reserved by the trustees till her death and that of the two surviving children of the donor, and be divided afterwards. The trust is to continue till those events happen. The inconveniences of this construction are appreciable, to be sure, and particular expressions in the indenture were

not framed with apparent recognition of the possible necessity of such a reservation. But this objection is equally applicable to the continuance of the annuity to Mrs. Burnham, for which it is virtually conceded that some provision must be made ; and full effect will thus be given to the charitable purposes of the donor.                                   *Decree accordingly.*