FRANCIS C. WELCH, trustee, *vs.* ARTHUR D. HILL, trustee, & others.

Suffolk. March 12, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Trust,* Construction, Trustee's accounts. *Words,* "Annuity."

In a will, proved in 1885, the testator gave to F, a woman, who was a trusted and faithful inmate of his household to whom all members of his family had been and were much attached and were greatly indebted for many attentions depending more upon intelligent affection than upon hired service, the sum of $10,000, and placed in the hands of trustees "a sufficient sum in trust to invest to pay to" her $1,200 a year during her life, and, the will read, "at her decease, I order the principal, required to provide this annuity . . . to be added" to a trust fund created by the will for the benefit of the testator's niece. The will also provided that, if F did not survive the testator, "my will is that $25,000 be added to the" trust fund for the benefit of the niece. The will contained a residuary clause disposing of all the testator's property not disposed of by its other provisions. The executor of the will set apart $32,000 as a principal sum sufficient in the exercise of a wise and conservative judgment to provide the $1,200 a year for F. F lived for twenty-eight years, and during that period there accumulated from that fund, in excess of the $1,200 a year, income amounting to $5,000. On the death of F, the trustees sought instructions as to what disposition should be made of the principal sum and the accumulated income. *Held,* that all that was given to F beyond the legacy of $10,000 was an annuity of $1,200; that the entire principal set apart by the executor to produce that annuity belonged on the death of F to the trustees for the niece; and that the excess income, not being disposed of by the will, should be paid to the administrator with the will annexed of the estate of the testator not already administered, to be distributed in accordance with the provisions of the residuary clause of the will.

In the foregoing suit in equity for instructions, it also *was stated* that the trustees of the fund set apart to pay the annuity to F should have kept separate accounts of the principal and of the accumulation of excess income.

RUGG, C. J. This is a petition for instructions as to the disposition of the principal and accumulated income of a fund held by the trustee under the will of the late Henderson Inches,

for the benefit of Ruth T. Field. The controversy arises under the following clause in the testator's will:

"To Ruth T Field in recognition of her long & faithful aid in our family and in token of my appreciation of her attention during the health & sickness and at the deathbeds of so many of its members I bequeath if she survives me the sum of Ten thousand dollars and in addition I give to Edward D Sohier & to Martin B Inches a sufficient sum in trust to invest to pay to said Ruth T Field the sum of twelve hundred dollars per annum in quarterly payments during her life and at her decease, I order the principal, required to produce this annuity of twelve hundred dollars per annum to be added to the trust fund of seventy five thousand dollars hereinbefore created for the benefit of my niece Caroline I. Hill & her issue & to be incorporated with and subject to the conditions & directions for the disposition and management of said trust fund for the benefit of my said niece Caroline I and her heirs. If the said Ruth T Field does not survive me, my will is that twenty five thousand dollars be added to the bequests of seventy five thousand dollars in trust for Mrs Caroline I. Hill making the trust fund established for her one hundred thousand dollars in amount and I direct that my taxes to which the last three legacies may be subject shall be paid out of the residue of my estate, so that each of the recipients thereof shall receive the amount bequeathed without diminution."

The facts are that the executors of the will of Henderson Inches, at the time of his death in 1885, set apart $32,000 as a principal, in the exercise of their judgment, sufficient to provide the required annual payment of $1,200 to Ruth T. Field. It is conceded that the setting apart of this sum, in view of the then prevailing rate of interest upon trust investments and the general opinion among men of sound judgment as to the rate likely to be obtainable in the future on such investments, was wise and conservative conduct and is not now open to review. During the twenty eight years since the fund was set apart there has been an accumulation of nearly $5,000 of income in excess of the annual payment required to Ruth T. Field.

The executors of the will of Ruth T. Field claim this accumulated income. The administrators *de bonis non* with the will annexed of Henderson Inches claim the accumulated income and

the principal in excess of $25,000. The trustee for Caroline I. Hill under the will of Henderson Inches, claims the entire principal and accumulated income.

The true construction of the clause of the will is that it created an annuity for the benefit of Ruth T. Field during her life. The testator describes it as an "annuity." The description of the way in which it is to be provided and paid makes it an annuity. An annuity imports the payment annually of a fixed sum. The language of this will shows that it is to be paid each year without diminution or contingency. It cannot be satisfied by the payment of the income of a fund or of any fluctuating or variable sum. *Bates* v. *Barry,* 125 Mass. 83. *Brimblecom* v. *Haven,* 12 Cush. 511. *Swett* v. *Boston,* 18 Pick. 123. *Wiggin* v. *Swett,* 6 Met. 194. Although the testator directed the setting apart of a trust fund ample in amount to meet the requirement of the annuity, the words used do not imply that the sum to be received by her is to vary in accordance with the income of the fund. The intent disclosed is rather one of precaution to make certain that his executors shall set apart a fund sufficient to produce the annuity. This would have been their duty apart from any express testamentary provision, *Cummings* v. *Cummings,* 146 Mass. 501, 508, but the manifest design of the testator was to make this assurance certain so far as that was possible through specific direction on his part. This conclusion is affirmed by the relations between the testator and the annuitant. She had been a trusted and faithful inmate of his household, to whom all members of his family, including many who had predeceased him, apparently were much attached, and to whom they were greatly indebted for many attentions which depend more upon intelligent affection than upon hired service. In providing for such a person a testator naturally would make sure as nearly as possible the payment of a definite sum without uncertainty or casualty. On the other hand, there are no words in the will which indicate that the entire income of the fund is to be given to the annuitant. A substantial legacy is given outright. The entire remaining testamentary design is expressed in the creation of the annuity. The language of the will in this respect is plainly distinguishable from that under consideration in *Russell* v. *Loring,* 3 Allen, 121, where the direction was to pay the "dividends, interest or income arising" from

a fund to be established. Although that was recognized as a close case, the words just quoted were held decisive of an intent to give the whole income. As was said in *May* v. *Bennett,* 1 Russ. 370, the question in the case at bar is "whether the bequest . . . is to be considered as the bequest of an annuity, or as the bequest of the income of a sum of money, which is directed to be set apart." For the reasons stated, the present will presents an instance of an annuity. *Carmichael* v. *Gee,* 5 App. Cas. 588. *In re Howarth,* [1909] 1 Ch. 485, 489.

The conclusion follows that the testamentary provisions, being a true annuity, the representatives of the estate of Ruth T. Field are not entitled to any part of the fund.

The testator ordered at the death of the annuitant "the principal, required to produce this annuity of twelve hundred dollars per annum to be added to the trust fund" created by another clause in the will for the benefit of Mrs. Hill, saying also that, in the event of the decease of the annuitant before the testator, $25,000 should be added to the trust fund for Mrs. Hill. It is contended that this is a testamentary declaration that the amount to be added to this trust in no event shall exceed $25,000. But the language is not reasonably susceptible of this construction. It is simply a determination of the amount of the Hill trust in the event that there is no occasion for the establishment of the annuity. It does not cut down or change the declaration that in case it becomes necessary to establish a fund for the production of the annuity the principal of that fund shall go to the Hill trust on the termination of the annuity. It is urged also that the words used by the testator mean that the principal to be so added shall not exceed a sum which in the light of the actual income received is shown to have been sufficient to produce the amount of the income. But this is a construction too refined to be placed upon the words used. The testator was dealing with practical matters in a practical way. It must have been apparent to him that no one could forecast with accuracy the precise amount of principal needed to produce the annuity. A care to have the fund large enough for that end is manifestly his general purpose. It is the principal of that particular fund which he gives over. As sound judgment has been used in the determination of the amount of that fund, there is no occasion to speculate as to what

might have been the thought of the testator if the exact event which has come to pass had been in his mind. What he said in substance was that the principal of that fund, established as it ought to be established, should be added to the Hill fund. This fund having been reasonably determined, as is conceded, the words of the will are that it shall be added to the Hill fund. There is no room for the application of the rule adopted in *Edwards* v. *Edwards*, 183 Mass. 581, by a computation of the sum which at a reasonable rate of interest would have produced the annuity. This conclusion finds support in a consideration of the results which might have flowed from the honest exercise of a sound judgment in fixing an amount of the fund, conceivably proven by a different financial history than that of these last twenty eight years to have been too small to produce the necessary annuity. Probably the annuitant would have been entitled to have the designated annual payment made up out of the principal. *Smith* v. *Fellows*, 131 Mass. 20. *In re Howarth*, [1909] 2 Ch. 19. *Moore* v. *Alden*, 80 Maine, 301. If thus the principal had been reduced the rule contended for could not have been followed.

The question of difficulty is the disposition to be made of the accumulated income. Apparently the happening of this contingency of income not needed for the annuity was not in the mind of the testator. At all events, he makes no explicit provision touching it. This accumulation is not rightly included in the description of that which is to be added to the Hill trust, for it is not a part of "the principal, required to produce this annuity." It was not originally a part of that principal and is merely an increment out of its income in adddition to that required to pay the annuity. The testator does not give to the Hill fund the remainder of the trust established for the annuitant. He confines his benefaction in this regard to the "principal." Nor can it be said that the intent is clear that as to the sums provided for by this clause the annuitant and the Hill trust alone are beneficiaries. The donative words do not include all there is of the fund. It is not the province of a court in construing a will to determine what the testator would have done if the exact situation which has arisen had been in his mind in writing the will, but rather to determine the meaning of the words he actually used to express his purpose. *Sanger* v. *Bourke*, 209 Mass. 481. There is in

this will a true residuary clause, which includes all estate not disposed of by other parts of the will, and thus disposes of all the testator's property. Hence the presumption against intestacy affords no aid. This is not a case where a reading of the whole "will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words," so that the court may supply the defect by implication to give effect to an intention sufficiently declared by the whole instrument, as in *Metcalf* v. *Framingham Parish,* 128 Mass. 370. It hardly seems justifiable to infer from the words he used that the testator meant to have the accumulated income added to the Hill trust. The conclusion follows that a decree should be entered directing the petitioner to pay the principal of the fund to the trustee of Mrs. Hill and the accumulated income to the administrator *de bonis non* with the will annexed of the estate of the testator for distribution under the residuary clause.

A question appears to be made as to depreciation in some of the investments. We do not undertake to settle that matter, but simply to lay down the principles by which the controversy may be determined if any arises. The testator directed the creation of the principal of the trust fund by giving to his trustees "a sufficient sum in trust to invest to pay" the annuity. That sum was set apart rightly as has been shown. That principal was given over at the death of Ruth T. Field by these testamentary words: "I order the principal, required to produce this annuity . . . to be added to the trust fund . . . hereinbefore created for the benefit of my niece." The principal of that fund ought to have been kept separate as matter of trust accounting. It is that fund, whether appreciated or depreciated in value, which must be added to the Hill trust. It is the surplus of income above that needed to pay the annuity which goes under the residuary clause. The account of this surplus ought to have been kept separate, for it goes to a different beneficiary than the principal fund. It is not necessary to determine what course might have been pursued if the income of the principal at any time had been insufficient to produce the annuity, for that contingency did not arise. Seemingly the trustees have not kept these two funds distinct. But it now becomes necessary to separate them in accordance with the interpretation of the will here made. If the parties are unable to agree upon the

amounts due to each, the case may be heard before a single justice or sent to a master for determination of this point.

*So ordered.*

*A. D. Hill,* (*L. Goldberg* with him,) stated the case.

*R. F. Sturgis,* for the administrator *de bonis non* of the estate of the testator, Henderson Inches.

*B. Corneau,* for the executors of the will of Ruth T. Field.