ARTHUR H. BROOKS, trustee, *vs.* ATTORNEY GENERAL & others.

Suffolk.    January 15, 16, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Accounting. Trust,* Construction of instrument creating trust. *Devise and Legacy,* Annuity.

The provisions of a will gave the residue of the testator's estate to trustees "To pay, out of the surplus net income remaining in their hands each year after the payment of . . . expenses . . . the following sums as annuities to the following named persons, each sum being

payable each year to the annuitant named, for and during the period of his or her natural life. . . . [here followed the names of 'annuitants' and the sum each was to receive] . . . To apply the balance of said net income, and the whole after death of the survivor of the above named annuitants, each year, for charitable purposes, namely, for the relief of needy and deserving gentlewomen in reduced circumstances." For a number of years the income from the trust fund was each year insufficient for the payment of the full amounts of the annuities for the current year. There then followed years when the net income was more than sufficient for the payment of the specified annuities. *Held*, that

(1) The annuities were limited to specifically designated income from the fund each year;

(2) The deficiency of the years when the income was not sufficient to pay the annuities could not be made up from surplus of the later years;

(3) A surplus of income in the hands of the trustee should be applied to the charitable purposes named in the will.

PETITION, filed in the Probate Court for the county of Suffolk by trustees under the will of Katharine C. Pierce, late of Boston, on April 20, 1928, for instructions on the matters described in the opinion.

The petition was heard in the Probate Court by *Prest*, J., who caused the entry of the decree described in the opinion. The annuitants named in the will appealed.

*F. E. Allison,* for the petitioner, stated the case.

*L. Bryant,* for the respondents Pierce and others.

*J. G. Palfrey,* for the respondents White.

*R. A. Cutter,* Assistant Attorney General, for the respondent Attorney General.

CARROLL, J.  Katharine C. Pierce, late of Boston, by her last will left the residue of her estate in trust for certain purposes. The trustees were "To pay, out of the surplus net income remaining in their hands each year after the payment of . . . expenses . . . the following sums as annuities to the following named persons, each sum being payable each year to the annuitant named, for and during the period of his or her natural life." Then follow the names of the annuitants with the amount they were to receive. The trustees were required "To apply the balance of said net income, and the whole after death of the survivor of the above named annuitants, each year, for charitable purposes, namely, for

the relief of needy and deserving gentlewomen in reduced circumstances."

In this petition for instructions the trustees allege that the testatrix died March 2, 1913; that until March 2, 1925, the income from the trust fund was each year insufficient for the payment of the full amounts of the annuities for the current year; that since March 2, 1925, the net income has been more than sufficient for the payment of the specified annuities; that the trustees have in their hands a substantial amount of accumulated income and are in doubt whether the income held by them over and above the requirements for current annuities should be paid to the annuitants for the purpose of making up the deficiencies on the annuities paid for previous years, and if so to what extent the representatives of deceased annuitants are entitled to such payments.

In the Probate Court the trustees were instructed that the living annuitants were not entitled to recover from the income of the trust any payments on account of deficiencies in the amount of the annuities received by them in previous years; that the representatives of deceased annuitants were not entitled to receive payments because of deficiencies in previous years; that the surplus net income in the hands of the trustees should be applied for the purpose specified in the second paragraph of the fourth article of the will.

When annuities or annual payments are a charge on the corpus of the estate or are charged generally upon the income of the fund, deficiencies in payments may be made up from the surplus income in later years. *Nudd* v. *Powers,* 136 Mass. 273. *Forbush* v. *Home for Aged Women,* 241 Mass. 433. If, however, the annuity is limited to a specially designated income from the fund for each year, and in any year the income is insufficient to pay the annuity, the deficiency is not to be made up from surplus income in later years. When the annuity is limited by the income received each year, the annuitant must suffer the loss if in any year the income is not adequate to pay the annuity in full. *Comstock* v. *Comstock,* 78 Conn. 606. *Stelfox* v. *Sugden,* Johns. Ch. 234.

The testatrix directed the trustees to pay the annuities out of the surplus net income each year, "each sum being payable

each year" during the period of the life of each annuitant. The balance of the net income, and "the whole after death of the survivor of the" annuitants, was to be applied each year for the charitable purpose mentioned. In other words, the will provided that each year the annuitants were to receive the designated amounts from the surplus net income remaining in the hands of the trustees for the year in question. This was not a charge on the corpus of the fund or a charge generally upon the income. Each year was a separate financial period, and each year's income was a distinct fund upon which the annuity for that year was to be charged. It was not the entire or gross income for each year that was to be used for the payment of the annuities, but the surplus net income remaining "each year" in the hands of the trustees.

As we construe the will, the testatrix intended to limit the surplus net income for each year as the source from which the annuitants were to be paid for that year, each year's income being the only fund available for the payment of the annual annuities. Each year the balance of the net income after payments of the annuities for that year was to be appropriated to the charity. Each year was made a period during which the income was to be paid as directed, surplus income after full payments of annuities for the current year could not be appropriated to the payment of deferred annuities or kept from the charity in anticipation of insufficient payments of annuities in the future.

It follows that the decree of the judge of probate was right. The annuitants are not entitled to payments to make up deficiencies in the amounts received by them on account of annuities in previous years; the representatives of annuitants are not to receive payments for deficiencies in previous years; and the surplus net income in the hands of the trustees is to be applied for the purpose specified in the second paragraph of the fourth article of the will. Costs as between solicitor and client are to be in the discretion of the judge of the Probate Court.

*Decree affirmed.*