GEORGE A. BACON *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Worcester.   September 26, 1928. — March 26, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* On income.   *Constitutional Law,* Taxation.   *Words,* "Annuity."

Under a contract whereby a partnership was dissolved and one partner transferred all his interest therein to the other partner, who agreed to assume the partnership obligations, to indemnify the retiring partner against liability therefor and to pay him a specified sum each year during his life, annual payments thereafter received by the retiring partner were annuities and were subject to a tax under G. L. c. 62, § 5 (a); the tax was strictly on income and was not levied on property of the retiring partner formerly invested in the firm; and there was no violation of the provisions of the Constitution of this Commonwealth relative to taxes on property.

COMPLAINT, filed May 18, 1928, for the abatement of taxes assessed upon the complainant's income for the years 1925 and 1926.

The complaint was heard in the Superior Court by *Dillon,* J., upon an agreed statement of facts and was reported without decision for determination by this court under G. L. c. 231, § 111.   Material facts are stated in the opinion.

*D. H. Greenberg,* for the complainant.

*R. A. Cutter,* Assistant Attorney General, for the respondent.

RUGG, C.J.   In December, 1923, the complainant, being one of three constituting a partnership, made a contract in writing with his partners whereby the firm was dissolved, the complainant transferred to the continuing partners all his interest of every nature in the firm property, and the business was to be continued by the other two partners, who assumed and agreed to pay all firm debts and wholly to indemnify the complainant therefrom, and who agreed to pay the retiring partner the sum of $52,000 per year in equal weekly instalments for the duration of his life.   Facts are agreed for the purposes of this case that the complainant's share in the partnership assets was fifty-two per cent, that the sale by him to the two partners remaining was a genuine transaction made in good faith, and that the fair value of his share in the partnership on January 1, 1916, including its good will, was $355,499.82.   Annual payments pursuant to the contract were made during the calendar years 1925 and 1926.   On these payments the respondent levied a tax for each year under G. L. c. 62, § 5 (a), whereby it is provided: "Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows: (a) Income from an annuity shall be taxed at the rate of one and one-half per cent per annum."   The complainant was denied the abatement he requested, paid the taxes, and has brought this complaint to recover the sums thus paid. G. L. c. 62, § 47, as amended by St. 1926, c. 287, § 3.

The question to be decided is whether the annual payments to the complainant by his former partners in accordance with the terms of their written contract of December, 1923, are an "annuity" within the meaning of that word in the statute already quoted.   There is in that contract no mention of the value of the partnership assets or of the value of the share of the complainant therein, and no mention of the price agreed upon as the value of the complainant's share as basis

for the agreement. The contract contains no reference to any of these matters. The complainant simply received from the remaining partners an agreement for the annual payment of the specified sum during his life and for relief from all partnership obligations, and he transferred to those partners all his interest of every kind in the firm and its assets. The only thing of value now possessed by him, in place of his former interest in the firm property, is his contract with the two remaining partners.

The conception of an annuity commonly accepted is that it is a yearly payment of a specified sum of money bestowed upon another and resting upon and secured by the personal obligation of the one paying it. It may arise out of a contract, or out of a gift, or under a will. This is to be gathered from our own decisions. In *Curtis* v. *New York Life Ins. Co.* 217 Mass. 47, 49, it was said: "one of the well known forms of contract is that of annuities, — not within the technical meaning of the term, or incorporeal hereditaments created by grant, — but in the modern sense of a simple promise to pay a certain amount yearly." In *Welch* v. *Hill*, 218 Mass. 327, 329, occurs this: "An annuity imports the payment annually of a fixed sum. The language of this will shows that it is to be paid each year without diminution or contingency. It cannot be satisfied by the payment of the income of a fund or of any fluctuating or variable sum. *Bates* v. *Barry*, 125 Mass. 83. *Brimblecom* v. *Haven*, 12 Cush. 511. *Swett* v. *Boston*, 18 Pick. 123. *Wiggin* v. *Swett*, 6 Met. 194."

The payments made to the complainant satisfy every element of an annuity as generally understood. The contract between the complainant and his former partners differs in no essential particular from an arrangement whereby one, by a single payment of money or securities, might buy from another, whether individual or corporation, an agreement or bond for an annual payment during the life of the buyer. If the complainant had sold his interest in the firm to his partners for cash and paid the entire sum thus received to an insurance company for the purchase of an annuity, there could be no doubt that the payment made to him each year

as a result of such a transaction would be an annuity. That would differ in no essential from the rights of the complainant under his contract with his partners.

This is not a tax upon the property of the complainant formerly invested in the firm. He has parted with that. He has received in its place the agreement for specified payments year by year. There is no violation of the provisions of the Constitution as to taxes upon property. The taxes in question were levied strictly upon income. They were valid under the decisions rendered since the adoption of art. 44 of the Amendments to the Constitution of the Commonwealth. *Tax Commissioner* v. *Putnam*, 227 Mass. 522. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42. *Brown* v. *Commissioner of Corporations & Taxation*, 242 Mass. 242. *Lapham* v. *Tax Commissioner*, 244 Mass. 40. *Bingham* v. *Commissioner of Corporations & Taxation*, 249 Mass. 79.

*Complaint dismissed with costs.*