CHARLES Q. TIRRELL *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Norfolk.   November 18, 1932. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Tax,* On income, On annuity. *Trust,* What constitutes. *Annuity. Evidence,* Presumptions and burden of proof. *Board of Tax Appeals.*

The will of one who died domiciled in the State of Washington provided: "I give . . . [to my brother, a resident of this Commonwealth] $250 per month, to be paid from the income of my estate during" his life "by my executor monthly and prior to the payment of" money bequests, which "shall not interfere with" such payments. There also was a provision: "I . . . direct my executor and trustee to set aside a fund sufficient to insure said" payments. There were further provisions for the payment of a part of the income of the residue of the estate to the brother, a direction that the executor

sell "the property belonging to my estate" and invest the proceeds, that a certain trust company be appointed executor and trustee, and that it "close said estate as soon as all debts and money bequests have been paid," and transfer the remaining estate to itself as trustee "to handle and distribute in accordance with the terms of this will." The brother was assessed a tax on the monthly payment of $250 as income from a trust, and he sought and was refused an abatement. *Held,* that

(1) The $250 monthly payments to the brother were "income of property held in trust," within the meaning of G. L. (Ter. Ed.) c. 62, § 5 (a), although, being fixed periodical payments, they could also be described properly as "income from an annuity";

(2) The facts, that such monthly payments were to have priority over the other bequests, and that the duty of making them rested upon the trust company in its capacity as executor until it had qualified to perform such duty as trustee, did not prevent such payments from being "income from property held in trust";

(3) The monthly payments of $250, being "income of property held in trust," were not taxable as "income from an annuity" under said § 5 (a), although the payments were "in the form of an annuity";

(4) Such payments were taxable under G. L. (Ter. Ed.) c. 62, § 11.

At the hearing by the Board of Tax Appeals of a petition for abatement of the tax above described, which was at the rate of six per cent as upon interest and dividends, the taxpayer introduced no evidence that the income of the trust fund was not of such a nature that it was taxable at the rate of six per cent, and the board ruled that the burden rested upon the taxpayer to show that the income was not of such a nature. *Held,* that the ruling by the board was right.

By the provisions of G. L. (Ter. Ed.) c. 58A, § 13, a question of law which was not raised before the Board of Tax Appeals in proceedings for abatement of a tax is not open in this court upon an appeal from a decision by the board.

APPEAL, filed in the Supreme Judicial Court for the county of Norfolk on April 29, 1932, by a taxpayer from a decision by the Board of Tax Appeals refusing an abatement of a certain tax assessed as on income.

Material facts are stated in the opinion.

*J. E. Perry,* for the taxpayer.

*J. E. Warner,* Attorney General, & *C. F. Lovejoy,* Assistant Attorney General, for the Commissioner of Corporations and Taxation, submitted a brief.

FIELD, J. This is an appeal by a taxpayer from a decision by the Board of Tax Appeals denying an abatement of an income tax for the calendar year 1928. G. L. (Ter. Ed.) cc. 58A, 62.

The taxpayer is a resident of this Commonwealth. He filed a return with the commissioner of corporations and taxation in which he included, under the heading "Annuities," "Income received during the year from taxable annuities . . . . $3,000." He was taxed thereon at the rate of one and one half per cent. Thereafter an additional tax was assessed on this amount on the ground that the amount so reported was taxable at six per cent as interest and dividends. The commissioner refused to abate the additional tax and the taxpayer appealed to the board.

The taxpayer received the amount so reported as a beneficiary under the fourth paragraph of the will of his sister, a resident of the State of Washington, which is as follows: "To my sister Anne Louise Burroughs and to my brother, Charles Quincy Tirrell, [the taxpayer] I give each the sum of Two Hundred Fifty and no/100 Dollars ($250.00) per month, to be paid from the income from my estate during their natural lives, to be paid by my executor monthly and prior to the payment of the money bequests hereinafter stated, that is, all money bequests hereinafter stated shall not interfere with the payment of the Two Hundred Fifty Dollars ($250.00) per month each to my said sister and brother; and I hereby direct my executor and trustee to set aside a fund sufficient to insure said payments. And after said money bequests hereinafter stated are paid, then all the balance of the net income of my said estate shall be divided equally between my said sister and my said brother during their natural lives, and upon the death of my said sister prior or subsequent to my death, the said income herein devised to her shall be divided equally between my two nephews, namely: Edward Tirrell Burroughs and William McKinstry Burroughs, and upon the death of my said brother prior or subsequent to my death the said income herein devised to him shall be equally divided between my nephew and nieces, namely: Bernard Gould Tirrell, Jane Tirrell and Caroline McKinstry Tirrell; provided, further, that at the end of twenty-one (21) years from and after my decease, all of the residue of my estate shall be divided among my nephews and nieces as follows:

One-half (½) thereof in equal shares to my nephews, Edward Tirrell Burroughs and William McKinstry Burroughs, and one-half (½) thereof in equal shares to my nephew and nieces, namely: Bernard Gould Tirrell, Jane Tirrell and Caroline McKinstry Tirrell; provided further that said residue shall not be divided during the lifetime of either my sister or my brother above named." By the fifth paragraph of the will numerous pecuniary bequests are made and it is provided that "The payment of the bequests in this paragraph named shall not, in any way, interfere with the monthly payments hereinabove provided to my sister and to my brother." There are also bequests of personal effects and a direction to expend a sum not exceeding $1,500 in furnishing rooms in a hospital. The will contains a direction to the executor "to sell any or all of the property belonging to my estate, when in its judgment the business conditions will justify such sale or sales, the proceeds of said sales, after the payment of all bequests, to be invested in good, safe securities, the safety of such investments to be first considered, and the rate of interest thereon to be considered thereafter." A trust company in the State of Washington was appointed executor and trustee under the will and the executor was directed "to close said estate as soon as all debts and money bequests have been paid," to transfer the remaining estate to itself as trustee "to handle and distribute in accordance with the terms of this will." Pecuniary bequests thereunder amounted to $91,800 and the value of the whole estate was about $250,000. The taxpayer and his sister were the nearest relatives of the testatrix at the time of her death. The taxpayer offered no evidence before the board to show that the income taxed was not of such a nature as to be taxable as interest and dividends at six per cent if it was not taxable as an annuity.

The taxpayer contends (a) that the income received by him was taxable as an annuity under G. L. c. 62, § 5 (a), at the rate of one and one half per cent per annum, and the additional tax should be abated, but (b) that, if the income was not so taxable, there is no evidence that it was taxable

on any other ground, the additional tax should be abated, and the tax already paid should be refunded.

G. L. c. 62, § 1, imposed a tax at the rate of six per cent per annum upon certain classes of interest and dividends received by an inhabitant of the Commonwealth. Section 5 (a) provides as follows: "Income from an annuity shall be taxed at the rate of one and one half per cent per annum. The income of property held in trust shall not be exempted from taxation under section one nor shall payments to beneficiaries be taxed under this section, because of the fact that the whole or any part of the payments to the beneficiaries is in the form of an annuity." Section 11, which was applicable to this taxpayer, was as follows: "Any inhabitant of the commonwealth who receives income from one or more trustees or other fiduciaries who are not subject to taxation under this chapter, shall be subject to the taxes imposed by this chapter upon such income according to the nature of the income received by such trustees or other fiduciaries, and shall include such income in a return as required by section twenty-two."

1. The income received by the petitioner was not taxable as an annuity under G. L. c. 62, § 5 (a), at the rate of one and one half per cent per annum.

The "income of property held in trust" is not taxable as an annuity even though "the whole or any part of the payments to the beneficiaries is in the form of an annuity." In the case of a trust under the will of an inhabitant of this Commonwealth, all income thereof of a taxable nature, after the statutory deductions are made, is taxed, to the extent that such income is payable to inhabitants of this Commonwealth, irrespective of the manner of the distribution thereof, and the tax thereon was payable by the trustee. G. L. c. 62, §§ 10, 23. The same principle is applicable under § 11 to "income [received by an inhabitant of the Commonwealth] from one or more trustees . . . not subject to taxation" in this Commonwealth, though the tax is payable by the beneficiary. In neither case is the fact that payments are "in the form of an annuity" material if they are in substance payments from "income of property

held in trust," or its equivalent, "income from one or more trustees." The obvious purpose of the imposition of a tax on income from annuities is to reach for purposes of taxation income which is not taxable as "income of property held in trust" (compare *Bacon* v. *Commissioner of Corporations & Taxation*, 266 Mass. 547), leaving all "income of property held in trust" to be taxed under the provisions of the statute applicable to such income, irrespective of the manner in which it is distributed to taxable persons. This conclusion is supported by the history of the statute. The provision for taxation of income from annuities in the income tax statute is a continuation, though at a different rate, of the previous tax on income from annuities. St. 1909, c. 490, Part I, § 4, Fourth. See Report of Commission on Taxation, 1916, House Doc. No. 1700, pages 46, 110. See also House Doc. No. 2118, page 4. And the previous tax on income from annuities was imposed by statutes enacted when personal property was, in general, taxed upon its capital value, and was clearly intended to apply to income from annuities only if the capital from which such income was derived could not be taxed. *Gray* v. *Boston*, 15 Pick. 376. *Swett* v. *Boston*, 18 Pick. 123. Amendments to the Report of the Commissioners Appointed to Revise the General Statutes of the Commonwealth: Adopted by the Committees on the Revised Statutes, page 3. Rev. Sts. c. 7, §§ 4, 10, Fifthly. Gen. Sts. c. 11, §§ 4, 12, Fifth. *Bemis* v. *Aldermen of Boston*, 14 Allen, 366, 369. Pub. Sts. c. 11, §§ 4, 20, Fifth. *Hunt* v. *Perry*, 165 Mass. 287. R. L. c. 12, § 4, Fourth; § 23, Fifth. By Rev. Sts. c. 7, § 4, income from an annuity was made taxable "unless the capital of such annuity shall be taxed in this state." And by the later statutes, prior to the income tax statute, income from an annuity, like other incomes within the terms of those statutes, was not taxed if "derived from property subject to taxation."

The amounts received by the taxpayer under the will of his sister were "income of property held in trust," though doubtless, being fixed periodical payments, they could also be described properly as "income from an annuity." By

her will the testatrix provided expressly that the monthly payments to be made to her brother, the taxpayer, and to her sister, should be made "from the income from my estate during their natural lives." Though there is a provision that these amounts are "to be paid by my executor monthly," there are other provisions in the will which indicate that this duty is to be performed by the trustee after the trust company, which is both executor and trustee, acting as executor, has closed the estate by the payment of debts and money bequests. And there is a direction in the will to the "executor and trustee to set aside a fund sufficient to insure said payments."

The will created a trust of the fund required thereby to be set aside. See *Woods* v. *Gilson*, 178 Mass. 511, 517–518; *Casey* v. *Genter*, 276 Mass. 165, 173. It is a trust to provide for the periodical payments or annuities. *Sears* v. *Hardy*, 120 Mass. 524, 543. *Dexter* v. *Episcopal City Mission*, 134 Mass. 394, 397; *Parkhurst* v. *Ginn*, 228 Mass. 159, 171–172. This trust differs from the trust of the residue of the estate in that the payments to insure which this fund is to be set aside have priority over the money bequests. But it is not the less a trust because of this priority. And it is not the less a trust because the duty of making the payments rested upon the trust company in its capacity as executor until it had qualified to perform this duty as trustee, since it is not unusual for duties ordinarily performed by a trustee to be "superadded to the ordinary duties of the office of executor." *Treadwell* v. *Cordis*, 5 Gray, 341, 358–359. See also *Smith* v. *Fellows*, 131 Mass. 20, 21; *Cummings* v. *Cummings*, 146 Mass. 501; *Bean* v. *Commonwealth*, 186 Mass. 348, 351. Furthermore, where there is no provision in the will with respect to the source from which an annuity is to be paid, and the will provides for the distribution of the rest of the estate, it is the duty of the executor or trustee "before distributing the capital, either to appropriate a sufficient amount of the capital to purchase an annuity, or to reserve enough of it to yield an income amply sufficient to meet the annuity, leaving such portion of the capital to be the subject

of another distribution when the annuity has ceased."
*Cummings* v. *Cummings*, 146 Mass. 501, 508.   See also
*Treadwell* v. *Cordis*, 5 Gray, 341, 351; *Sears* v. *Hardy*,
120 Mass. 524; *Dexter* v. *Episcopal City Mission*, 134
Mass. 394, 397.   Compare *Welch* v. *Hill*, 218 Mass. 327,
329; *Parkhurst* v. *Ginn*, 228 Mass. 159.   Here, how-
ever, since the will prescribes the source from which the
payments to the taxpayer and his sister are to be made
and requires the setting aside of a fund sufficient to insure
said payments, the first alternative was not open.   And
proper administration of the estate required that the fund
set aside be adequate to provide for the payments to the
taxpayer and his sister out of income.   This fund, as well
as the residue of the estate, constitutes "property held
in trust."

A distinction has been taken between a gift by will of
an annuity and a gift by will of the income of a trust fund.
*Brimblecom* v. *Haven*, 12 Cush. 511.   See also *Swett* v.
*Boston*, 18 Pick. 123.   A significant difference between
such gifts is that the former is a gift of fixed periodical
amounts, while the amount of the latter fluctuates with
the income of the trust fund.   And another characteristic
of an annuity is that, when unrestricted as to source, it is
chargeable upon and payable out of capital if income is
insufficient.   See *Smith* v. *Fellows*, 131 Mass. 20; *Welch*
v. *Hill*, 218 Mass. 327, 331.   The conceptions, however,
are not mutually exclusive.   The source of an annuity
may be limited to income (*Bates* v. *Barry*, 125 Mass. 83,
*Bridge* v. *Bridge*, 146 Mass. 373, *Forbush* v. *Home for Aged
Women*, 241 Mass. 433, *Brooks* v. *Attorney General*, 266
Mass. 161), or a maximum limit may be placed upon a
gift of income of a trust fund.   *Parkhurst* v. *Ginn*, 228
Mass. 159.   But the "very nature of an annuity suggests,
when those charged with the payment of it have in their
hands a fund producing income sufficient to pay it, that
the payment should be made from the income, and not
from the principal."   *Cummings* v. *Cummings*, 146 Mass.
501, 508.   And here, by express provision of the will, the
payments to the taxpayer and to his sister are to be made

out of income — the income referred to being income of property held in trust. (Consideration of questions which would arise if the fund set aside, or even the entire estate, should not provide income sufficient to meet the periodical payments is not required. No such situation is shown by the record.) The statute clearly contemplates that, for the purpose of the income tax, payments may be both out of "income of property held in trust" and also "in the form of an annuity," and that in such a case the tax is to be imposed as upon "income of property held in trust," and not as upon "income from an annuity." *Swett* v. *Boston*, 18 Pick. 123, is so different from the present case in its facts and in the statute there under consideration that it is not controlling. That case did not deal with a trust fund set aside, as directed by the will or in accordance with the principle stated in *Cummings* v. *Cummings*, and like cases, for the specific purpose of providing for the payment of an annuity out of the income thereof. It follows that the amounts received by the taxpayer, being "income of property held in trust" (see G. L. [Ter. Ed.] c. 62, § 5 [a]), are not taxable as "income from an annuity," though the payments are "in the form of an annuity."

2. The taxpayer is not entitled to an abatement of the additional tax or to a refund of the original tax on the ground that there is no evidence of the nature of the income of the trust fund out of which payments were made to the taxpayer.

For the reasons already stated, the amounts received by the taxpayer under the will of his sister were taxable as income received "from one or more trustees or other fiduciaries who were not subject to taxation [under G. L. c. 62] . . . according to the nature of the income received by such trustees or other fiduciaries." G. L. c. 62, § 11. The taxpayer introduced no evidence tending to show that the income of the trust fund was not of such a nature that it was taxable at the rate of six per cent per annum, and the board ruled rightly that the burden rested upon the taxpayer of showing that the income was not of such a nature. The taxpayer's contention, however, goes farther.

He contends, in substance, that the tax was improperly assessed for the reason that the commissioner did not have — or attempt to obtain — sufficient information in regard to the nature of the income of the trust fund to warrant the assessment of any tax on the amounts received by the taxpayer if they were not taxable as "income from an annuity." It does not appear, however, that this contention was made before the board, and the statute provides that this court "shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." G. L. (Ter. Ed.) c. 58A, § 13. Since the validity of the additional tax necessarily implies the validity of the original tax, it is unnecessary to consider whether, on this record, any question in regard to the original tax is before us. Compare *Holcombe* v. *Commissioner of Corporations & Taxation,* 245 Mass. 353, 362–364.

The taxpayer's requests for rulings are disposed of by what has been said.

*Petition dismissed.*