AMOS L. TAYLOR, trustee, *vs.* ROBERT O. GARDINER, executor, & others.

Suffolk.   November 9, 1936. — January 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Annuity.   *Trust*, Construction of instrument creating trust.

Upon construction of an entire will, an annuity of a specified amount which a trustee was directed to pay to a beneficiary by a clause not stating from what source it should be paid, was charged upon income only and not upon principal; any payments from principal to the beneficiary were to be solely in the discretion of the trustee.

PETITION, filed in the Probate Court for the county of Suffolk on September 16, 1935, by the trustee under the will of John P. Hazlett, late of Boston.

The petition was heard by *Prest,* J., and a decree was entered from which Robert O. Gardiner, executor of the will of Elizabeth K. Gardiner, appealed.

*A. L. Taylor,* (*E. C. Parks* with him,) stated the case.

*R. T. Parke,* (*D. Elfman* with him,) for the respondent Robert O. Gardiner, executor.

*E. Spiegel,* for the respondent Nellie Kiley.

*J. K. Carter,* (*R. W. Barrett* with him,) for the respondents William L. Hazlett and others.

*S. C. Woodworth,* guardian *ad litem, pro se.*

QUA, J.   The only question argued by the appellant is whether the annuity given to Elizabeth K. Gardiner, niece of the testator, by paragraph "A" of the trust set forth in the sixth item of the will of John P. Hazlett, late of Boston, became payable out of principal when the income proved

insufficient. The Probate Court has held that the annuity is chargeable upon income alone and that resort cannot be had to the principal to make up past deficiencies. We incline to the view that this ruling was right.

The sixth item of the will establishes a trust of the entire residue of the estate for purposes specified in successive lettered paragraphs.

Paragraph "A" reads: "To keep the same safely invested, and . . . to pay unto the said Elizabeth K. Gardner the sum of three thousand (3000) dollars per year by equal quarterly payments for and during the term of her natural life."

Paragraph "B" provides for the payment of $65 a month to Nellie Kiley, the testator's housekeeper, during her life and that she shall have a right to occupy the testator's homestead with the furniture and articles therein during her life, provided she shall keep the premises in repair and pay the expenses of maintenance, except taxes and insurance, which the trustee is to pay "from the income" of the trust. If Nellie Kiley should desire not to occupy the premises the trustee may sell and invest the proceeds and pay to her "the net income and interest arising therefrom." Down to this point there is no express statement as to whether the $3,000 per year payable to Elizabeth K. Gardiner or the $65 per month payable to Nellie Kiley are to come from income or from principal or from both, although the latter's life interest in the real estate and alternatively in its proceeds in the event of sale are in the nature of dispositions of usufruct or income.

But paragraph "C" reads: "All the rest, and remainder of the net income arising from said trust fund, including all of said income after the death of the said Elizabeth K. Gardner and after the death of the said Nellie Kiley, or from my death, in case both the said Gardner and the said Kiley do not survive me, I direct my trustee to pay in equal shares unto the three children of my nephew, William A. Hazlett, . . . such share to each to be paid for and during the term of his natural life . . ." This paragraph deals

only with income, and its opening words as to "the rest, and remainder of the net income" show that the testator has likewise had in mind only income in the provisions of paragraphs "A" and "B."

Paragraph "D" qualifies paragraph "C" in certain respects not here material.

Upon reaching paragraph "E" the testator for the first time, as we think, deals with the disposition of the principal by providing for the distribution of "said trust fund" upon the deaths of the children of his nephew mentioned in paragraph "C."

It is not necessary to recite all of the remaining details of this somewhat complicated trust. It is provided that in certain contingencies calling for payments of principal to legatees the trustee shall retain a sufficient amount to enable him to make the payments to Elizabeth K. Gardiner and to Nellie Kiley. But this is not equivalent to charging these payments upon the principal. See *Treadwell* v. *Cordis*, 5 Gray, 341, 351; *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 469, 471. The events have not occurred which would bring those provisions into operation, and no such sums have been set apart. On the other hand, paragraph "G" of the trust and item "Ninth" of the will both provide that in the event of failure of the gift to the children of the testator's nephew and subject to the rights of Nellie Kiley, if living, the trustee shall "pay all said net income and interest arising from said trust fund" to Elizabeth K. Gardiner, and paragraph "H" of the trust expressly empowers the trustee to pay to Elizabeth K. Gardiner such parts of the principal as he may deem necessary or advisable for her comfortable maintenance and support, thus adequately caring for her needs in the event that the income should prove insufficient. Moreover, paragraph "H" contains the further significant provision that "All payments, both of principal and of income as aforesaid shall be left solely to the discretion of my said trustee and his decision as to payments from principal or income shall be final and binding." In fact all payments which the trustee has made

to Elizabeth K. Gardiner have been from income. There is nothing in the will which seems to us sufficient to overcome the implications arising from paragraph "C," from paragraph "H" and from the entire structure of the trust. We think that Elizabeth K. Gardiner had no right to payments out of principal, unless the trustee in his discretion should decide to make them.

We have examined the many decisions cited by the appellant and by the respondent Kiley. We do not undertake to lay down any rule of law in opposition to them. This case is to be distinguished from cases where the will discloses an intent to charge a true annuity upon the fund as a whole, *Richardson* v. *Hall*, 124 Mass. 228, 236, *Parkhurst* v. *Ginn*, 228 Mass. 159, 172, and even from cases where there is no express indication of the intent one way or the other, *Hammond* v. *Hammond*, 169 Mass. 82, 84. An annuity may be charged upon income alone. None of the cases denies that possibility, and instances of that kind are not wanting. *Bates* v. *Barry*, 125 Mass. 83. *Bridge* v. *Bridge*, 146 Mass. 373. *Forbush* v. *Home for Aged Women*, 241 Mass. 433. *Brooks* v. *Attorney General*, 266 Mass. 161. *Comstock* v. *Comstock*, 78 Conn. 606. *Waters* v. *Trefouret*, 117 Va. 186. *Stelfox* v. *Sugden*, Johns. Ch. 234. Other cases bearing upon the subject are *Cummings* v. *Cummings*, 146 Mass. 501, 507, and *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 471. The considerations which led to a different result in *Smith* v. *Fellows*, 131 Mass. 20, are not present here.

Costs of appeal as between solicitor and client are to be in the discretion of the Probate Court.

*Decree affirmed.*