MAUDE STAPLES *vs.* COMMISSIONER OF CORPORATIONS
AND TAXATION.

Suffolk.   January 2, 1940. — January 4, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Tax,* On income..  *Evidence,* Presumptions and burden of proof.

Annual payments, made to an inhabitant of this Commonwealth from income of a nature taxable under G. L. (Ter. Ed.) c. 62, § 1, and received by foreign trustees under a will, were taxable to the inhabitant at six per cent under §§ 1, 11, not at one and one half per cent under § 5 (a), even though such payment to the inhabitant was in the form of an annuity.

A taxpayer, upon his petition for abatement of an income tax assessed at six per cent under §§ 1, 11, of G. L. (Ter. Ed.) c. 62, upon payments received from foreign trustees under a will instead of at one and one half per cent under § 5 (a), has the burden of establishing a contention that the amounts taxed were not payments by the trustees from income but were from principal.

APPEAL from a decision by the Appellate Tax Board.

*J. W. Kelleher,* (*G. Alpert & L. R. Cohen* with him,) for the taxpayer.

*E. O. Proctor,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

FIELD, C.J.   This is an appeal by Maude Staples, herein referred to as the taxpayer, from a decision of the Appellate Tax Board. G. L. (Ter. Ed.) c. 58A; St. 1937, c. 400.

The taxpayer is an inhabitant of this Commonwealth. In her income tax return, filed in the year 1937, for the calendar year 1936, she reported the sum of $18,000 as "Income received during the year from taxable annuities," and the sum of $8,817.92 as "interest or dividends taxable and received by an executor, administrator, trustee or other fiduciary not subject to taxation in Massachusetts and paid to me during the year." The commissioner of corporations and taxation assessed an income tax on the taxpayer on the basis of income so reported. See G. L. (Ter. Ed.) c. 62, §§ 1, 5, 11, 35. See also St. 1937, c. 422. Later he made an additional assessment (see G. L. [Ter. Ed.] c. 62, § 37, as amended) on the basis that the amount reported by the taxpayer as income received from annuities was taxable at the rate of six per cent (apart from the tax imposed by St. 1937, c. 422) under the provisions of G. L. (Ter. Ed.) c. 62, §§ 1, 11, as income received from trustees not subject to taxation under said c. 62. The taxpayer duly applied by petition to the commissioner for an abatement of the additional tax so assessed. See G. L. (Ter. Ed.) c. 62, § 43, as amended. Abatement was denied and the taxpayer appealed to the Appellate Tax Board (see G. L. [Ter. Ed.] c. 62, § 45; see also c. 58A, §§ 6–13, as amended; St. 1937, c. 400), which decided that the taxpayer was not entitled to an abatement. The taxpayer appealed to this court.

There was no error of law in the decision of the Appellate Tax Board.

No question is raised with respect to the tax imposed by St. 1937, c. 422. The amount of this tax depends upon the amount of the tax for which the taxpayer was liable under other governing statutes, and need not be referred to again. Nor is any question raised as to the propriety of the tax assessed upon the sum of $8,817.92, reported by the taxpayer. The sole question presented relates to the tax

assessed upon the sum of $18,000 reported by the taxpayer as income received from an annuity.

G. L. (Ter. Ed.) c. 62, § 1, as amended, imposes a tax of six per cent per annum upon income of certain described classes received by an inhabitant of the Commonwealth during the preceding calendar year. Section 5 (a) provides as follows: "Income from an annuity shall be taxed at the rate of one and one half per cent per annum. The income of property held in trust shall not be exempted from taxation under section one nor shall payments to beneficiaries be taxed under this section, because of the fact that the whole or any part of the payments to the beneficiaries is in the form of an annuity." Section 11 provides as follows: "Any inhabitant of the commonwealth who receives income from one or more trustees or other fiduciaries who are not subject to taxation under this chapter, shall be subject to the taxes imposed by this chapter upon such income according to the nature of the income received by such trustees or other fiduciaries, and shall include such income in a return as required by section twenty-two."

The sum of $18,000, the tax upon which is now in question, was received by the taxpayer from trustees residing in Pennsylvania under a provision of the will of her husband, late of Scranton, Pennsylvania, that "After providing for my mother and sister, as aforesaid, I direct that one-half (½) of the income from my estate shall be paid in quarterly instalments to my wife, Maude Staples, for and during the term of her natural life, for the support and maintenance of herself, and the support, maintenance and education of our minor children during their minority; and I further direct that the payments to my said wife shall not be less than the sum of eighteen thousand dollars ($18,000) per year for the period of ten (10) years after my death, and from and after the expiration of the said ten (10) years, that the payments to my wife shall not be less than the sum of ten thousand dollars ($10,000) per year. Should the income from my estate at any time be insufficient to provide the said sum of eighteen thousand dollars ($18,000) per year for the period of ten (10) years after my death and the sum of ten thou-

sand dollars ($10,000) per year thereafter, then I direct my said trustees, the survivors, survivor and successors of them, to draw upon the principal of my estate annually for such sums, if any, as may be required to provide the said annual payments herein provided for my wife; provided, however, that in any years when the income from my estate exceeds the annual payments herein provided for my wife, a sufficient sum shall be placed in the principal and corpus of my trust estate as will equal the payments from principal that have theretofore been made to my said wife. The provision herein made for my said wife is due to the fact that in all probability the income from my estate will decrease in future years, and I am endeavoring to provide an income for her for as long a period as I possibly can, in order to insure her continued comfort and happiness." The record does not disclose the date of the death of the taxpayer's husband, but in the view that we take of the case this date is not important.

The sum of $18,000 in question, if it was income of any of the classes of income taxable under G. L. (Ter. Ed.) c. 62, § 1, clearly was income received by the taxpayer "from one or more trustees or other fiduciaries who are not subject to taxation under this chapter," within the terms of G. L. (Ter. Ed.) c. 62, § 11. The taxpayer contends, however, that income so received by the taxpayer constituted an annuity within the meaning of G. L. (Ter. Ed.) c. 62, § 5 (a), and, consequently, was taxable only under the provisions of that section imposing a tax at the rate of one and one half per cent. But we need not consider whether this sum of $18,000 received by the taxpayer constituted an annuity. Even if it did it was none the less taxable under the provisions of G. L. (Ter. Ed.) c. 62, §§ 1, 11, by reason of the provision in said § 5 (a) that "The income of property held in trust shall not be exempted from taxation under section one nor shall payments to beneficiaries be taxed under this section, because of the fact that the whole or any part of the payments to the beneficiaries is in the form of an annuity."

The conclusion above stated follows necessarily from the decision in the case of *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464. The ground of that de-

cision, as stated in the opinion, was as follows: "The 'income of property held in trust' is not taxable as an annuity even though 'the whole or any part of the payments to the beneficiaries is in the form of an annuity.' In the case of a trust under the will of an inhabitant of this Commonwealth, all income thereof of a taxable nature, after the statutory deductions are made, is taxed, to the extent that such income is payable to inhabitants of this Commonwealth, irrespective of the manner of the distribution thereof, and the tax thereon was payable by the trustee. G. L. c. 62, §§ 10, 23. The same principle is applicable under § 11 to 'income [received by an inhabitant of the Commonwealth] from one or more trustees . . . not subject to taxation' in this Commonwealth, though the tax is payable by the beneficiary. In neither case is the fact that payments are 'in the form of an annuity' material if they are in substance payments from 'income of property held in trust,' or its equivalent, 'income from one or more trustees.' The obvious purpose of the imposition of a tax on income from annuities is to reach for purposes of taxation income which is not taxable as 'income of property held in trust' . . . leaving all 'income of property held in trust' to be taxed under the provisions of the statute applicable to such income, irrespective of the manner in which it is distributed to taxable persons." Pages 468–469. It was said further that the "statute clearly contemplates that, for the purpose of the income tax, payments may be both out of 'income of property held in trust' and also 'in the form of an annuity,' and that in such a case the tax is to be imposed as upon 'income of property held in trust,' and not as upon 'income from an annuity.'" Page 472. Referring to the amounts received by the taxpayer in the *Tirrell* case, it was said in that case that the "amounts received by the taxpayer under the will of his sister were 'income of property held in trust,' though doubtless, being fixed periodical payments, they could also be described properly as 'income from an annuity.'" Page 469.

The taxpayer in the present case attempts to distinguish this case from the *Tirrell* case on the ground that, unlike the *Tirrell* case, the trustees had power under the will to

make payments out of the principal of the estate if the income thereof should be insufficient to provide the amounts payable to the taxpayer each year.   Even if the existence of this power furnishes an additional reason for regarding the payments to be made to the taxpayer by the trustees under the will of her husband as constituting an annuity it does not affect the principle declared in the *Tirrell* case so far as the payments are made out of income of the property held in trust.   It is immaterial for the purpose of taxation of such income that it is "in the form of an annuity." It is none the less "income of property held in trust" (§ 5 [a]) and received by the taxpayer "from one or more trustees . . . who are not subject to taxation" under c. 62, § 11. This conclusion does not leave the provision for taxation of income from an annuity inoperative.   Annuities that are not paid out of "income of property held in trust" are not unknown.   See *Bacon* v. *Commissioner of Corporations & Taxation,* 266 Mass. 547, 549–550.

Cases arising under the income tax laws of the United States are not helpful in the determination of the question here presented because of the substantial differences between those statutes and the statutes here involved.   See *Burnet* v. *Whitehouse,* 283 U. S. 148; *Helvering* v. *Butterworth,* 290 U. S. 365.

The taxpayer makes the further contention that, even if the sum of $18,000 received by her, so far as it was paid from "income of property held in trust," was taxable under G. L. (Ter. Ed.) c. 62, §§ 1, 11, it does not appear that this sum was paid from such income.   It was, however, assessed by the commissioner as so paid.   And the Appellate Tax Board, though reciting that no "evidence was introduced as to the source of income received by the trustees, nor whether it is paid from the income or from the principal of the estate," ruled in substance that the burden of proof on this issue was upon the taxpayer and concluded that the payments to the taxpayer "were made from income of property held in trust and were taxable at six per cent." It is, at best, doubtful whether the question of burden of proof was "raised in the proceedings before the board" so

as to be open for consideration on this appeal. See G. L. (Ter. Ed.) c. 58A, § 13, as amended; *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 495–496. The taxpayer in her petition before the board apparently conceded that the payments to her were made from income of the estate of her husband, though without conceding that such income was included in the classes of income taxable to an individual under G. L. (Ter. Ed.) c. 62, § 1. But if the question of burden of proof is open the ruling of the Appellate Tax Board thereon was correct. The general question to be decided by the board was whether the taxpayer "was entitled to an abatement" of income tax assessed by the commissioner. See G. L. (Ter. Ed.) c. 62, § 45. See also §§ 43, 44. This clearly imports that the burden of establishing her right to an abatement was on the taxpayer, who claimed to be aggrieved by the refusal of the commissioner to abate the additional tax assessed. An essential element of the taxpayer's proof that she was entitled to such an abatement was proof that the payments to her were not made out of income of the property held in trust. We perceive no sound ground for a rule as to the burden of proof relating to this element of the case different from the rule applicable to the burden of proof relating to the nature of the income from which the payments were made. And in *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 472, it was held that the burden of proving the nontaxable nature of the income from which payments were made to the beneficiary of a trust was on such beneficiary. See also *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 496.

*Petition for abatement dismissed.*