DAVID G. LYON *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex.   November 19, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tax*, On income.   *Words*, "Retirement allowance."

A retirement allowance given to a college professor, after his retirement from active teaching when seventy years of age, by the Carnegie Foundation for the Advancement of Teaching, incorporated by 34 U. S. Sts. at Large, 59, is not income subject to taxation under G. L. c. 62, § 5 (b).

COMPLAINT, filed in the Superior Court on December 23, 1924, for the abatement of an income tax assessed upon the complainant in 1923 upon income for the year 1922.

The facts were agreed upon. The case was reported to this court by *McLaughlin,* J., under G. L. c. 231, § 111.

*R. P. Berle,* (*G. H. B. Green, Jr.,* with him,) for the plaintiff.

*A. Lincoln,* Assistant Attorney General, for the defendant.

RUGG, C.J. The complainant, for many years a professor in Harvard University, retired from active teaching in 1922, being then seventy years of age. Previous to his retirement he had applied to the Carnegie Foundation for the Advancement of Teaching for the retiring allowance. Payment of such allowance began immediately upon his retirement. The tax here in question was levied on such allowance. The complainant has never been and is not now in the employ of the Foundation and had no contract with it for service or for payment of retiring allowance, except as may be implied from the circumstances, and it has never received any benefit or consideration from him. The Foundation was incorporated by act of Congress in 1906. 34 U. S. Sts. at Large, 59. Its purpose is "To provide retiring pensions . . . for the teachers of universities, colleges and technical schools . . . who, by reason of long and meritorious service, or by reason of old age, disability, or other sufficient reason, shall be deemed entitled to the assistance and aid of this corporation, on such terms and conditions . . . as such corporation may . . . approve and adopt." The Foundation is controlled by a board of trustees vested with full power to carry out its objects. Rules have been adopted for the administration of the Foundation. In compliance therewith the allowance was paid to the complainant.

It was provided by G. L. c. 62, § 5, "Income of the following classes . . . shall be taxed as follows: . . . (b) The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum. . . . Retirement allowances, however described, from the Commonwealth or any county, city,

town or district thereof, or from any person, if not exempt by law, . . . shall be taxed under this subsection."

There is no statutory exemption covering in terms the allowance received by the complainant. But we are of opinion that it is not fairly comprehended within the scope of said § 5 (b). "Retirement allowances," as there used, by its context implies that it is an allowance paid by the Commonwealth or by some of its governmental subdivisions, or by one who has been a private employer to one who has ceased to render active service. The words import some further payment in the nature of compensation for services already rendered. They have reference to a preëxisting relation founded on obligation to pay to the recipient something in the nature of income from "professions, employments, trade or business." The payments received by the complainant from the Foundation had no such basis. There was no preëxisting obligation between them. The money payments made by the Foundation to the complainant do not arise out of any relation similar to that of employer and employee, or of officer and government or corporation. The payments appear to be wholly in the nature of gifts. They do not arise out of any antecedent relations between the parties. They are not based on any moral obligation theretofore established between the complainant and the Foundation. There is no legal equivalent or semblance to a consideration. They are entirely gratuitous as distinguished from being grounded upon sentimental considerations arising from present or past services rendered, or from some kind of equivalent. *Chapman* v. *Miller*, 128 Mass. 269, 270. *Spaulding* v. *Day*, 10 Allen, 96, 98. *Southern Pacific Co.* v. *Lowe*, 245 U. S. 330, 335. *United States* v. *Merriam*, 263 U. S. 179.

Money received as this is from the Foundation does not easily fall within the accepted definitions of income. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 526, 527. *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509, 517, 518, and cases collected. But it is not necessary to pass upon the question whether such a gift as is here shown can rightly be taxable as income, because the statute according

to its correct interpretation does not raise that doubt about its constitutionality. See *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426, 430.

The abatement is granted as prayed for. The amount of the tax here complained of is to be repaid to the complainant by the State Treasurer with interest at the rate of six per cent per annum from the time when paid, and costs.

*So ordered.*