PETTINGELL, J. (Jones, P. J., and Wilson, J.)
This case comes to the Appellate Division a second time, following an order of the Supreme Judicial Court of a new trial; see Barry v. Sparks, 306 Mass. 80.
The action was begun by a writ dated September 27, 1938, the plaintiff suing for board and lodging furnished the defendant’s minor son between June 10, 1932, and the date of the writ.
December 1, 1930, the Probate Court for Suffolk County, in the libel of the defendant in this action, granted a divorce nisi between the defendant and his wife, the plaintiff’s daughter, The decree gave the custody of Paul Sparks, minor child of the libellant and the libellee, to the plaintiff, the boy’s maternal grandmother, and ordered the defendant to pay the boy’s mother eleven dollars a week for her support and that of the child. June 2, 1931, the decree became absolute.
The libellee, the boy’s mother, died July 25, 1932, after which the defendant made no more payments. Paul, the child, remained in the plaintiff’s custody. There was no communication regarding him between the plaintiff and. the defendant, and no notice or demand was made by the plaintiff upon the defendant for payment until the plaintiff’s attorney sent the defendant a letter a few weeks before suit was brought. The plaintiff testified that she expected to be paid for the support furnished the child; the defendant never paid her any money.
October 30, 1939, the Probate Court amended the decree of December 1, 1930, by ordering the libellant, the defendant, *25 to pay to the plaintiff, the maternal grandmother, four dollars “every week hereafter" for the support of the minor child.
In the District Court at the first trial, there was a finding for the plaintiff. On an appeal, the Appellate Division vacated the finding for the plaintiff on the ground that there was prejudicial error in the dnial of two of the rulings requested by the defendant. Two other rulings requested by the defendant and denied by the trial judge were not passed upon by the Appellate Division.
The Supreme Judicial Court found that there was no error in the denial by the trial judge of the two requested rulings considered by the Appellate Division, but that there was prejudicial error in his denial of the two rulings requested by the defendant, which the Appellate Division had not considered. It ordered a new trial.
Following the new trial, the case comes before the Appellate Division again, the defendant claiming to be aggrieved by the denial of the following rulings requested by him.
“2. Plaintiff cannot recover for the period of June 10, 1932, to July 25, 1932, date of libellee’s death as decree of the Probate Court depriving him of custody of his child was in effect.”
“3. Plaintiff cannot recover for the period from July 25, 1932, to September 27, 1938, as decree of Probate Court depriving defendant of custody of his child continued in effect after the death of libellee as evidenced by modification decree of Probate Court entered Octboer 30, 1939.”
It is apparent at the outset that the decree of October 30, 1939,-while it may be of value as';evidence, has no other part in the case as the liability it creates did not come into being until more than two years after the date of the writ. Estes v. Tower, 102 Mass. 65, at 67. Collins v. Snow, 218 Mass. 542, at 545. Cobb v. Library Bureau, 260 Mass. 7, at 14.
It is also apparent that the action is not in intent brought on the Probate Court decree of December 1, 1930, but is a common law action in which that decree is evidence only. The plaintiff’s recovery depends upon the common law liability of the defendant as affected by that decree. If the divorce decree was in effect as to custody when the action was brought, all civil rights in this matter were within its exclusive scope. Gediman v. Cameron, 306 Mass. 138. If it was not in effect as to custody another rule of law applies.
There was error in the denial of the defendant’s second requested ruling.
The law is well established in Massachusetts, that the common law liability of a father to support a minor child ceases when the Probate Court awards custody of the child to some other person. Hancock v. Merritt, 10 Cush. 41. Creeley v. Creeley, 258 Mass. 450, at 463. Barry v. Sparks, 306 Mass. 80, at 83. The trial judge recognized this state of the law by *26 giving the first ruling requested by the defendant which is consistent with the decisions just cited.
The defendant’s second" request applied specifically to the period between June 10, 1932, and July 25, 1932, during which time the libellee was alive and the divorce decree was in unquestioned effect. The rule of law that a father is not responsible at common law for the support of a minor child whose custody has been given to another person applies definitely to such a situation; the ruling requested should have been given. ,
The defendant’s third requested ruling raises the issue of the continuance in effect, after the death of the libellee, of that part of the decree which awarded custody of the minor child to the grandmother. In Barry v. Sparks, 306 Mass. 80, at 83, the court said “the divorce decree ceases to have any further continuing effect ... at least when, as here, the decree makes no provision for its continuance beyond the lives of the parents.” At page 84, the court said further, “When the divorced wife of the defendant died there was no longer any effective decree of court depriving the father of the custody of the child and relieving him from the common law duty to support him. The father was then entitled to the custody of the child . . . unless it should be shown that he was unfit to be his custodian or that the best interests of the child required otherwise . . . The defendant’s common law right to the custody of his child revived and his obligation to support him again arose when the divorce decree became ineffective upon the death of the mother."
For a collection of cases stating the law to be that the right of the father to custody revives upon termination of the decree of divorce upon the death of the mother, see 128 A. L. R. 989.
That annotation states, at pages 992, 993, that Barry v. Sparks, 305 Mass. 80, is the only case which has been found in which it has been held that the death of the mother terminates a divorce decree which has given custody to a third party. In Stone v. Duffy, 219 Mass. 178, cited in Barry v. Sparks, in which it was held, at page 182, that upon the death of the libellant, the father, the “provisions for custody also were abated,” custody had been given by the decree to the father, so that there was another definite reason why custody had “abated,” independently of the rule laid down in Barry v. Sparks. The latter case, however, distinctly sets forth the principle of law that, under the circumstances here existing, the death of the libellee terminates the effective decree of the Probate Court as to custody and revives the libellant’s common law obligation of support.
There was therefore no error in the denial of the defendant’s third requested ruling.
The error in the "denial of the second requested ruling is *27 prejudicial only in that, if properly applied to the facts, the amount of the plaintiff’s recovery is increased by the number of weeks between June 10, 1932 and July 25, 1932. The trial judge found, however, that the rate of the plaintiff’s recovery is four dollars a week, and that the total amount due is $1,281. When that total is broken down arithmetically, it «dearly appears that the judge applied the weekly rate of four dollars to those weeks only which are between the proper dates, July 25, 1932, and September 27, 1938. The denial of the requested ruling was error but nevertheless, the ruling was actually applied; the proper arithmetic was used. Nickerson v. Allen, 293 Mass. 136, at 138, 139. Rathgeber v. Kelly, 299 Mass. 444, at 446.
No prejudicial error appearing, the report is to be dismissed.