COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* RICHARD W. HALE & another, executors.

Suffolk.    November 12, 1942. — February 29, 1944.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Taxation*, Income tax. *Annuity. Retirement. Release.*

A release, which was given by a retired employee to his former employer and cancelled a contract by the employer to pay him a certain amount monthly after his retirement and which followed the employer's procuring from an insurance company a group annuity contract including benefits for the retired employee, must be given its natural force and effect notwithstanding the fact that it was not intended that the relationship of former employer and retired employee should be terminated; and thereby the company was substituted for the former employer as debtor to the retired employee, and payments by the company to the retired employee were not retirement allowances under G. L. (Ter. Ed.) c. 62, § 5 (b), but were income from an annuity under § 5 (a).

An exception cannot be read into the application of the provisions of G. L. (Ter. Ed.) c. 62, § 5 (a), so that payments to a retired employee under

a group annuity contract procured by his former employer from an insurance company for the benefit of his retired employees shall be considered retirement allowances under § 5 (b) and not income from an annuity under § 5 (a) where, upon release by the retired employee of a contract between him and the employer providing for payments to him as a retired employee, the annuity is substituted therefor.

APPEAL from a decision of the Appellate Tax Board.

*M. A. Westgate,* Assistant Attorney General, for the commissioner of corporations and taxation.

*M. P. Seavey,* for the taxpayer.

RONAN, J. The taxpayer, a former employee of the Boston Edison Company, hereinafter called the employer, entered into a written contract with the employer by which the employer agreed upon the employee's retirement to pay him a certain amount monthly. This contract was designated "Service Annuity Contract — Series A." Payments according to said contract were made from the time of his retirement in February, 1931, until June 1, 1936. The source of these payments was a trust fund which the employer maintained at a Boston bank. The employer on May 1, 1936, entered into a group annuity contract with an insurance company whereby the latter, in consideration of premiums to be paid by the employer, agreed to pay a retirement annuity to each of the retired employees of the employer during their lives. The taxpayer on June 3, 1936, executed a release discharging the employer from its obligation to make any further payments under the "Service Annuity Contract — Series A," so called. The taxpayer received an annuitant's certificate from the insurance company, and thereafter received monthly payments from it in substantially the same amounts as he had previously received from his employer. The benefits accruing to him under the certificate from the insurance company were similar to those that had been given to him under his contract with his employer. The taxpayer received $3,341.76 from the insurance company during 1939 and made a return in 1940 setting forth this amount. The commissioner of corporations and taxation decided that this sum was income from an annuity and assessed an additional tax which was

paid. The taxpayer died after filing a petition for abatement with the Appellate Tax Board, and his executors prosecuted the petition before the board. The commissioner appealed from the decision of the board abating this additional tax.

The question is, Was the income received by the taxpayer a retirement allowance under G. L. (Ter. Ed.) c. 62, § 5 (b), or income from an annuity under G. L. (Ter. Ed.) c. 62, § 5 (a)? Each kind of income is taxed at the same rate, but it is only income in excess of $2,000 from the sources described in § 5 (b) that is taxable.

The parties agree that the monthly payments made by the employer were retirement allowances or pensions. The commissioner contends that the payments made by the insurance company constituted income from an annuity.

Neither an annuity nor retirement allowances are defined by our income taxing statutes, but both have been judicially defined in our decisions. It was said in *Bacon* v. *Commissioner of Corporations & Taxation*, 266 Mass. 547, 549, that "The conception of an annuity commonly accepted is that it is a yearly payment of a specified sum of money bestowed upon another and resting upon and secured by the personal obligation of the one paying it. It may arise out of a contract, or out of a gift, or under a will." It was there held that the amount paid yearly to a former partner in consideration of the transfer of his interests to the remaining partners in accordance with an agreement to make annual payments of a fixed amount during his lifetime was taxable income from an annuity. Further definitions of an annuity may be found in *Bates* v. *Barry*, 125 Mass. 83, *Curtis* v. *New York Life Ins. Co.* 217 Mass. 47, *Welch* v. *Hill*, 218 Mass. 327, and *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464. "Retirement allowances" import some further payment in the nature of compensation for services already rendered. They have reference to a preexisting relation founded upon an obligation to pay to the recipient something in the nature of income from "professions, employments, trade or business." *Lyon* v. *Commissioner of Corporations & Taxation*, 258 Mass. 450, 452.

It was decided in that case that the receipt of a retirement allowance by a retired professor from a foundation organized to grant pensions to retiring teachers was not a retirement allowance because the foundation was not under any obligation to pay the recipient anything in the way of compensation for services rendered to it, for he had never been employed by it.

The taxpayer released his former employer from any obligation to make any further payments to him as was required by the written contract which they had made. The release should be given its natural force and effect. It could not be controlled by parol evidence. It discharged the employer from all the obligations that it had assumed under its contract with the taxpayer. *Gold* v. *Boston Elevated Railway*, 244 Mass. 144. *Radovsky* v. *Wexler*, 273 Mass. 254. *Griffin* v. *New York, New Haven & Hartford Railroad*, 279 Mass. 511. *Continental Corp.* v. *Gowdy*, 283 Mass. 204. *Fleming* v. *Dane*, 298 Mass. 216. The finding that it was not intended that the release should terminate the relationship of employer and retired employee was immaterial in the absence of any financial liability of the employer to the retired employee. It was found that the release was executed in order to cancel the contract with the employer and to substitute for it the group annuity contract of the insurance company. The result is that the insurance company was substituted for the employer as the debtor of the taxpayer and all that the latter had was the group annuity contract for further payments to him. *Griffin* v. *Cunningham*, 183 Mass. 505. *Kirtley* v. *C. G. Galbo Co. Inc.* 244 Mass. 179. *Codman* v. *Beane*, 312 Mass. 570.

The payments by the insurance company were not retirement allowances under the taxing statute. They were not compensation in consideration for past services rendered by the taxpayer to the insurance company. See *Hooker* v. *Hoey*, 27 Fed. Sup. 489, affirmed 107 Fed. (2d) 1016. The payments, however, were not gratuities. The situation was the same as if the taxpayer settled with his employer and received the value of his contract and with the proceeds

purchased the annuity contract from the insurance company. The payments made by the insurance company to the taxpayer were income from an annuity and were properly assessed by the commissioner.

It is contended that what the taxpayer actually received were retirement allowances which originated under a service contract with his employer, and that their nature and character were not changed, but, it is urged, there was a change only in form and not in substance. Reliance is put upon *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147. This case does not aid the taxpayer. The question there was the taxability of payments in the nature of alimony made to a wife. We were required to consider the origin and character of these payments in accordance with a well established principle in order to determine whether these payments were made in the discharge of a continuing obligation on the part of the husband, and so income properly taxable to him, or whether the income was derived by the wife from property which was transferred outright and absolutely to her in a final settlement with her husband, and so properly taxed to her. *Douglas* v. *Willcuts*, 296 U. S. 1. *Helvering* v. *Fitch*, 309 U. S. 149. *Helvering* v. *Fuller*, 310 U. S. 69. *Helvering* v. *Leonard*, 310 U. S. 80. *Pearce* v. *Commissioner of Internal Revenue*, 315 U. S. 543.

The statute, G. L. (Ter. Ed.) c. 62, § 5 (a) (b), taxes income from an annuity and that received from retirement allowances, but both classes of income are not treated upon the same basis, for the benefit of a business deduction is permitted in the case of the retirement allowance but not in the case of the annuity. We have no right to ignore that distinction. *Commissioner of Corporations & Taxation* v. *Hornblower*, 296 Mass. 201. Neither have we the right to read into the taxing statute, which in plain and apt terms lays a tax on income from an annuity, an exception where the contract of annuity from an insurance company was acquired by the taxpayer in exchange for a release of a contract requiring his former employer to pay him retirement allowances. When the Legislature intended that cer-

tain income which was received in the form of an annuity should be taxed upon a basis other than as an annuity it has said so, *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464; *Staples* v. *Commissioner of Corporations & Taxation*, 305 Mass. 20, and until it says that income from an annuity which has been substituted for retirement allowances should be taxed as a retirement allowance, we have no power to say so.   Our duty is simply to interpret the taxing statute as it is written.   *Madden's Case*, 222 Mass. 487.   *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145.   *Brennan* v. *Election Commissioners of Boston*, 310 Mass. 784.

*Petition for abatement dismissed.*