COMMISSIONER OF CORPORATIONS AND TAXATION vs.
CHARLES F. ADAMS, JUNIOR, & others
(and a companion case [1]).

Suffolk.    May 3, 1944. — June 7, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Taxation*, Income tax.   *Words*, "Business."

A firm of stockbrokers conducting a single business from which in a certain year they received income consisting of interest from customers on margin accounts, interest and dividends from securities held for sale in the course of business, gains from sales of securities to their customers in the course of business, and commissions on the execution of orders for customers, were not entitled under G. L. (Ter. Ed.) c. 62, § 6 (c), in computing the income tax on such income to deduct the full amount of Federal and State income taxes paid by them in that year on like income for the previous year; the portion of the taxes paid attributable to such interest from customers and to such interest and dividends from securities was not deductible.

APPEALS from decisions by the Appellate Tax Board.

The cases were submitted on briefs.

*R. T. Bushnell*, Attorney General, & *F. W. Fisher*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*R. Bancroft & A. J. Santry*, for the taxpayers.

RONAN, J.   These are two appeals by the commissioner of corporations and taxation from decisions of the Appellate Tax Board granting partial abatements of income taxes assessed on income received by the appellees in the years 1938 and 1939 and reported in returns filed in 1939 and 1940.

The taxpayers are the Massachusetts residents of a partnership engaged in the stock brokerage business in Boston. The firm during the two years in question had four sources of income: (1) interest from customers on their margin accounts; (2) interest and dividends on securities held for sale in the course of business; (3) gains from sales of securi-

---

[1] The companion case is between the same parties.

ties to its customers in the course of business; and (4) commissions on the execution of orders for customers. The appellees paid no income tax to the Commonwealth in 1938 but paid the Federal income tax, and in 1939 they paid both a State and a Federal income tax. They contend that they are entitled to deductions for the full amount of these taxes. The commissioner contends that the only deduction permissible is the portion of the taxes that was assessed upon gains from sales of securities and upon commissions, and that the appellees are not entitled to a deduction for the part of the taxes that was paid on interest received from margin customers and on interest and dividends received from securities held for sale. The appellees rely upon G. L. (Ter. Ed.) c. 62, § 6 (c), which provides that "All taxes paid within the year to the United States or any other nation, or to any state, county, city, town or district, in respect of the profession, employment, trade or business, or the property held or used in connection therewith, but not including assessments for betterments," may be deducted. The income taxes, we are told by the taxpayers, were paid in respect to their business and therefore were deductible from the income received in the calendar year in which the taxes were paid.

The fact that the firm was conducting a single business would not permit it to charge off total expenses from total receipts and to pay a tax on the balance unless the taxing system, like the Federal income tax, was a general income tax. The right to impose a tax upon income derived from varying kinds of property and at different rates, depending upon the nature of the property from which the income was secured, was expressly granted to the General Court by the Forty-fourth Amendment to the Constitution, which was adopted in 1915 after the Legislature had unsuccessfully sought to devise a method of taxation that would prevent the then generally prevailing avoidance of taxation on securities and at the same time prescribe a fair and equitable rate without violating the constitutional mandate, c. 1, § 1, art. 4, requiring that all taxes must be "proportional and reasonable," and which prohibited the imposition of a tax upon a group of persons or upon a class of property at a

different rate from that applied to other groups or classes. The general situation confronting the Legislature is adequately disclosed in communications accompanying requests to this court for advisory opinions. *Opinions of the Justices,* 195 Mass. 607; 208 Mass. 616; 220 Mass. 613. See *Perkins* v. *Westwood,* 226 Mass. 268.

Our income taxing system is not a general income tax but on the contrary imposes a tax upon certain designated sources of income at particular rates. In the instant cases the entire income of the appellees fell into four classes: the first item, interest from margin customers, and the second item, interest and dividends, both of which were taxable at the rate of six per cent; the third item, commissions taxable under § 5 (b), as amended, at one and one half per cent; and the fourth item, gains from sales of securities, taxable under § 5 (c), as amended, at the rate of three per cent. These four items comprise four distinct taxing units which, for convenience and practical purposes, are joined in a single taxing system. The grouping of specially enumerated classes side by side in a single enactment does not destroy class boundaries, or cause a merger of one class into another, or impair the individual identity of any class. There is, furthermore, a plain line of demarcation between income from interest and dividends and income from net gains and business income, as § 5 (e) provides that "Interest and dividends taxable under section one shall not be taxed under this section" and § 5 (a) provides that income from property held in trust shall be taxed as interest under § 1 even though it is received by the beneficiary in the form of an annuity. Different deductions are provided for the different classes of income. It may be said that, in general, the structure of our taxing system shows a legislative intent that deductions from income from intangibles taxable under § 1 are provided for in §§ 2, 3, 4, while deductions from the gross income from a profession, employment, trade or business are provided for in § 6. Persons who are engaged in the business of dealing in securities and whose deductible items under § 6 exceed their income from their trade or business and from gains on the purchases and sales of securities may deduct from their

taxable interest and dividends a certain proportion of this excess as provided for in § 2. With this exception, the deductions allowed by § 6 are limited to the income from a profession, employment, trade or business which is taxable under § 5. It is only that portion of the taxes paid on business income taxable under § 5 that is deductible under § 6 (c) and not taxes paid on the entire income a part of which consisted of interest and dividends taxable under § 1, although both kinds of income might constitute all the profits derived from a single business. The tax is imposed upon a wide variety of kinds of income but only a limited class of deductions from such income is permitted. The test of deductibility is not whether all the income is derived from one business but whether there is one or more classes of income from which the statute authorizes a deduction to be made, and if there is such income then a deduction may be made against the particular class of income to the extent defined by the statute. We cannot adopt the contention of the taxpayers that the criterion for the deduction for taxes under § 6 (c) is the fact that all the taxes were paid "in respect of . . . [their] business." Business is undoubtedly a word of wide import, but the literal meaning of a term appearing in a statute cannot be adopted where such construction would be inconsistent with the other material provisions of the statute and would defeat the obvious aim and object of the legislative act. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27. *Cullen* v. *Mayor of Newton,* 308 Mass. 578. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547. Such a construction of § 6 (c) would eliminate the different classes of income with their accompanying deductions, deal with total income as a unit and permit the taxpayer to obtain a deduction other than one created by the taxing statutes. The burden is on a taxpayer seeking a deduction to point to a particular statutory provision which authorizes the deduction. No provision appears in our statutes granting the deduction sought and the claim for such deduction must fail. *New Colonial Ice Co. Inc.* v. *Helvering,* 292 U. S. 435, 440. *Helvering* v. *Ohio Leather Co.* 317 U. S. 102, 106.

Nothing here said is inconsistent with what was decided in *Whipple v. Commissioner of Corporations & Taxation*, 263 Mass. 476, and *Williams v. Commissioner of Corporations & Taxation*, 272 Mass. 249. In the first case one engaged in practising law and conducting a farm as a business was permitted to deduct from his income from both sources the expenses incurred by the farm, and in the second case a trust which was engaged in the business of renting its properties was allowed to deduct from the gain derived from the sale of two parcels — if such gain was taxable income — the taxes paid upon its various properties and the deduction allowed by St. 1922, c. 329, § 2, now G. L. (Ter. Ed.) c. 62, § 6 (g), as appearing in St. 1935, c. 436, § 1. In both cases the deduction allowed was the deduction permitted to be charged against income of a particular class. Neither case is authority for the proposition that a deduction which the statute allocates to one class of income may be extended to any other class.

The present income tax has always been considered by this court as imposing a tax upon different classes of income at different rates and as limiting deductions to the income from such classes as the statute permits. *Goldman v. Tax Commissioner*, 230 Mass. 554. *Hayes v. Commissioner of Corporations & Taxation*, 261 Mass. 134. *Commissioner of Corporations & Taxation v. Hornblower*, 296 Mass. 201. *Nichols v. Commissioner of Corporations & Taxation*, 314 Mass. 285. *Commissioner of Corporations & Taxation v. Hale*, 315 Mass. 556. It was held in the *Hornblower* case that a firm of stockbrokers could not deduct under § 6 (f) from their business income taxed under § 5 losses incurred on account of bad debts owed by customers for loans on margin accounts. In the *Hale* case we refused to hold that income received from an annuity which had been substituted for a retirement contract under which the employer paid a retirement allowance to the taxpayer was income received as a retirement allowance subject to the personal exemption provided for in § 5 (b), as amended. It was said in *Nichols v. Commissioner of Corporations & Taxation*, 314 Mass. 285, 307, in deciding that interest paid

on a Federal income tax was not deductible under § 2 as interest paid on a debt, that "no provision is made for the deduction from taxable income derived from intangibles of taxes paid upon such income, although express provision is made for the deduction of taxes from business income in G. L. (Ter. Ed.) c. 62, § 6." That statement, although not directly bearing upon the actual point decided, was a step in the line of reasoning and clearly adumbrates the conclusion that must here be reached.

The commissioner now makes no contention that the taxpayers are not entitled to partial abatements based upon the depreciation on furniture and office equipment, but contends that abatements upon taxes paid can be allowed only to the extent here decided. The decisions of the Appellate Tax Board were wrong and only abatements to be computed by the board in accordance with this opinion are granted.

*So ordered.*