OTIS EVERETT *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    December 8, 1944. — February 5, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & SPALDING, JJ.

*Taxation,* Income tax. *Retirement. Annuity.*

Payments to an employee are payments of a retirement allowance taxable under G. L. (Ter. Ed.) c. 62, § 5 (b), and not annuity payments taxable under § 5 (a), if they have their source in the employer and employee relationship, are in the nature of further compensation for services rendered and are made either directly or indirectly by the employer.

Monthly payments of a fixed amount by an insurance company to a retired employee during his life in accordance with a retirement plan established by the employer, to which the employer, the employee and the insurance company were parties, were payments of a retirement allowance taxable under G. L. (Ter. Ed.) c. 62, § 5 (b), and not annuity payments taxable under § 5 (a), where it appeared that the insurance company was obligated to make the payments in consideration

of sums, including contributions previously made by the employee, paid by the employer to it as the underwriter and administrator of the plan and that it was a mere instrumentality to carry out the plan in behalf of the employer and the employee.

APPEAL from a decision of the Appellate Tax Board.

*R. Wait,* for the taxpayer.

*R. T. Bushnell,* Attorney General, *&. J. J. Kelleher* of his office, for the Commissioner of Corporations and Taxation, submitted a brief.

RONAN, J. This is an appeal by a taxpayer from a decision by the Appellate Tax Board denying his petition for abatement of a portion of a tax assessed on account of income received by him in 1938. The question presented is whether a sum the taxpayer received was a retirement allowance taxable under G. L. (Ter. Ed.) c. 62, § 5 (b), and so entitling the taxpayer to an exemption of $2,000, or whether the amount received was an annuity taxable under G. L. (Ter. Ed.) c. 62, § 5 (a), of which the said sum of $2,000 was not exempt.

The taxpayer was an employee of a New York bank on July 1, 1933, when the bank put into effect a retirement plan for the benefit of its employees. The amount of the retirement allowance was computed upon the employee's salary and was composed of two sums, an amount calculated on the basis of one and one half per cent of the employee's salary on July 1, 1933, multiplied by the number of years he had then been in the employ of the bank, and an amount equal to two per cent of his annual salary earned after July 1, 1933, until his retirement at sixty-five years of age. The only contribution the employee made was to the last mentioned sum for which deductions were made from his compensation while he was employed and retained his membership in the plan. The retirement benefits under the plan were administered and underwritten by an insurance company to which the bank "intends to make annual payments" for the purchase of annuities for those employees eligible to immediate retirement. Retirement allowances were payable monthly in a fixed amount upon retirement of the employee and were to continue during

his lifetime, and the obligation to pay them arose out of an arrangement to which the bank, the insurance company and the employee were parties.

The taxation of retirement allowances was first brought within our present income taxing system by St. 1920, c. 102, which provided that a retirement allowance other than pensions or allowances which are exempt by law, "however otherwise such an allowance may be described," shall be deemed to be income from profession, employment, trade or business within St. 1916, c. 269, § 5 (b), and shall be entitled to the exemptions and deductions permitted under said chapter. That provision without any change material to our present inquiry has since remained in our taxing statute. See now G. L. (Ter. Ed.) c. 62, § 5 (b), as most recently amended by St. 1939, c. 486, § 1. At the time St. 1920, c. 102, became effective on January 1, 1921, the taxing statute, St. 1916, c. 269, § 5 (a), provided for a tax on an annuity, and also provided that the income from property held in trust should not be taxed as an annuity even if the payments made to the beneficiaries were in the form of annuity, but was taxable at a higher rate under § 2 of said chapter. See now G. L. (Ter. Ed.) c. 62, § 5 (a).

The monthly payments of fixed amounts to the taxpayer during his life by one obligated to make them have the appearance at least of income received from an annuity. An annuity has been defined as "a yearly payment of a specified sum of money bestowed upon another and resting upon and secured by the personal obligation of the one paying it." *Bacon* v. *Commissioner of Corporations & Taxation,* 266 Mass. 547, 549. See *Bates* v. *Barry,* 125 Mass. 83; *Curtis* v. *New York Life Ins. Co.* 217 Mass. 47; *Welch* v. *Hill,* 218 Mass. 327; *Mutual Benefit Life Ins. Co.* v. *Commonwealth,* 227 Mass. 63; *Gregg* v. *Commissioner of Corporations & Taxation,* 315 Mass. 704. The form in which payments are made is not decisive of their taxability as income. From the beginning of our present income taxing statutes, income from property in trust was not to be taxed as an annuity even though the payments received by the beneficiaries were in the form of

an annuity. St. 1916, c. 269, § 5 (a), now G. L. (Ter. Ed.) c. 62, § 5 (a). See *Tirrell* v. *Commissioner of Corporations & Taxation,* 287 Mass. 464, for a history of the statutes taxing income from annuities. See also *Staples* v. *Commissioner of Corporations & Taxation,* 305 Mass. 20. The Legislature at the time retirement allowances were brought within the income taxing field must have known that such allowances were commonly additional compensation for services rendered and so were more closely related to an "employment, trade or business" than they were to the antecedents that usually give rise to an annuity, and that, while the payments made under a retirement plan differed in their nature and purpose from those made under an annuity, retirement allowances in certain particulars as to the form in which they were paid, the period during which they were payable, and the obligation to make them, possessed some of the characteristics of an annuity. It was for the purpose of differentiating between a retirement allowance and an annuity, and to make certain the taxation of the allowance as business income and not as an annuity, that the Legislature provided that a retirement allowance, "however . . . described," should be taxed as business income. If the payments have their source in the employer and employee relationship and are in the nature of further compensation for services rendered and are made either directly or indirectly by the employer, then they are retirement allowances. *Lyon* v. *Commissioner of Corporation's & Taxation,* 258 Mass. 450. *Mahon* v. *Board of Education,* 171 N. Y. 263. *McBride* v. *Allegheny County Retirement Board,* 330 Penn. St. 402.

The payments which the taxpayer received were not entirely gratuitous for he had made contributions in order to enable him to join the plan and to receive these payments upon his retirement from the service, and his paid membership gave him the right to the benefits which thereby accrued to him. One feature of the plan which was published and distributed to the employees of the bank was the monthly payment of retirement allowances which were to be made by a designated insurance com-

.pany in consideration of sums, including contributions of employees, that were paid to it by the bank. That the retirement allowances were paid through an insurance company as contemplated by all the parties to the plan in the underwriting and administration of the plan did not change the nature of the payments from retirement allowances to income from an annuity. The insurance company was the mere instrumentality to carry out the provisions of the plan in behalf of the employer and employees. The case is distinguishable from *Commissioner of Corporations & Taxation* v. *Hale*, 315 Mass. 556, where the employee after his retirement accepted an annuity contract from an insurance company in exchange for the obligation of his employer to make further retirement allowances. He expressly released his employer. He converted retirement allowances into income from an annuity. It also differs from *Commissioner of Corporations & Taxation* v. *Kellaway*, *ante*, 192, where the employer voluntarily secured an "annuity policy" for an employee but from which the employee had not received any payments during the year for which he was taxed. It was there stated that, when annual payments became due and were made to the employee, they could be taxed as income from an annuity. The company which issued the policy was not charged with the administration of any plan and undertook no obligation other than as the vendor of an "annuity policy."

Abatement is granted in the amount of $39.96 together with costs.

*So ordered.*