464 P.2d 522

Harold L. DAMIANO and Katherine H.
Damiano, husband and wife, Plain-
tiffs-Respondents,

v.

John F. FINNEY and Thelma E. Finney, hus-
band and wife, Defendants-Appellants.

No. 10353.

Supreme Court of Idaho.

Jan. 29, 1970.

Rehearing Denied Feb. 26, 1970.

J. T. Knudson, Coeur d'Alene, and Richard E. Dullanty, Spokane, Wash., for appellants.

Scott W. Reed, Coeur d'Alene, for respondent.

SHEPARD, Justice.

This action arises from a contract wherein the Finneys agreed to sell and the Damianos agreed to buy a lake front lodge property. Included in the contract was a provision granting a right of first refusal to purchase an additional parcel of land and also a fixed price option to purchase the same parcel of land under certain conditions. At a later time the Damianos sought to exercise the option to purchase the additional parcel and the Finneys refused on the basis that the conditions had not been complied with. The Damianos brought this action for specific performance which was granted by the district court. The Finneys appeal and we affirm the action of the district court.

After extensive negotiations the contract of purchase and sale between the Finneys as vendors and the Damianos as purchasers was entered into on December 23, 1966. The Damianos became the purchasers of certain property bordering Lake Coeur d'Alene in Kootenai County. The pertinent provisions of that contract are as follows:

"PAYMENTS:

"The principal consideration of the amount of $85,000.00 shall be payable as follows:

"$12,000.00 was paid upon execution of the original Contract on May 15, 1966, and receipt thereof is acknowledged by the Vendors.

"$2,500.00 plus interest at 6% from May 15, 1966, to this date is payable upon execution of this Contract.

"$4,700.00 plus interest shall be paid on October 31, 1967 with an additional $4,700.00 plus interest shall be payable on October 31st of each year thereafter until the total purchase price and interest shall have been paid.

"Purchasers shall have the right of prepayment in full or in part at any time without penalty. The deferred principal balance shall bear interest at 6% per annum and shall be payable annually at the same time as and in addition to the annual instalment payments herein provided. The interest shall commence May 15, 1966.

"All payments made hereunder shall be made to the credit of the Vendors at the First Security Bank in Coeur d'Alene, Idaho, and the receipt of such bank shall constitute a receipt on behalf of the Vendors.

"Upon receipt by the Vendors of the total purchase price and interest as herein provided, the Vendors will cause to be delivered to the Purchasers a good and sufficient Warranty Deed conveying said real property to the Purchasers and warranting the title to be free and clear of all encumbrances excepting existing easements and rights of way of record and in view and the taxes and assessments for the year 1966, and a Bill of Sale as to the Personal Property.

"OPTION TO PURCHASE:

"At such time as the principal balance remaining due hereunder has been reduced to Sixty-five Thousand Eight Hundred Dollars ($65,800.00) the Purchasers shall have the option right to purchase all or any of the three additional parcels of property hereinafter more particularly described upon the terms and conditions hereinafter more particularly specified. The option rights in no case shall extend for a period longer than five years from the date hereof. In this regard, it is specifically understood and agreed that until such time as the principal balance has been reduced as herein provided and said option rights to purchase at the stated prices and terms come into effect, there shall be no restriction on the Vendors as to any disposition they wish to make of said property except for the right of first refusal and should the Vendors in such

period of time transfer, lease, assign or otherwise dispose of said property or properties, any option applicable thereto shall be void and of no further force and effect.

"Prior to the time the options come into effect, Vendors specifically agree to give to the Purchasers a right of first refusal to purchase, lease or acquire said property upon such terms and conditions as Vendors may be offering the property to others. Vendors agree to notify the Purchasers in writing of any bona fide offers they may have for the property and upon request, to show the Purchasers the form and nature of such offer. Purchasers shall have 30 days after the mailing of such written notice to equal or better the offer made to the Vendors for said property. If Purchasers fail to do so, then Vendors may sell, lease or dispose of said property in accordance with the offer received.

"When the principal balance is $65,-800.00 or less, Purchasers shall have the following options which may be exercised separately or in any combination: * *

"1. Parcel A * * *.

"2. Parcel B * * *. (Herein is contained the legal description of parcel B and the price thereof and method of payment.)

"3. Parcel C * * *."

On August 15, 1967, a third party offered to purchase parcel B from the Finneys for $18,400.00. At that point in time the Damianos still owed $70,500.00 on the contract. The Finneys notified the Damianos of the offer from the third party. On August 28, 1967, the Damianos paid $4,700.00 to the escrow agent and directed the agent to apply the entire sum to the principal due under the contract and to the exclusion of any interest. The Damianos intended to reduce the balance still due on the contract to $65,800.00 to the end that they could exercise their fixed price option. On September 6, 1967, the Damianos tendered $1,150.00 to the Finneys as down payment on parcel B under the

provisions of the fixed price option, but the Finneys refused to accept it.

The Damianos thereafter filed of record "A Notice of Option to Purchase Real Property," and on October 19, 1967 filed an action to specifically enforce the fixed price option provision. The district court awarded specific performance to the Damianos finding that their $4,700.00 payment on August 28, 1967 was a prepayment of the annual installment, thus reducing the balance to a level which made the fixed price option portion of the contract operable. The court then found that the September 6th tender of $1,150.00 was a valid acceptance by the Damianos of the option. The court further found that the final contractual terms of an agreement executed November 15 between the Finneys and the third party offeror were so materially different from the terms which the Finneys had communicated to the Damianos in August that the Finneys had failed to live up to the terms of the Damiano contract. From that decision of the district court, the defendants appeal.

■ The first question presented is whether or not the Damianos had reduced the balance due on the contract to $65,800.-00, so that the fixed price option came into effect. The Finneys contend that the contract required that interest and principal be paid simultaneously regardless of whether or not the principal was prepaid. They argue, therefore, that the $4,700.00 paid in August should have been partly allocated to interest, thus keeping the principal amount due on the contract above $65,800.00. We cannot agree. The intent of the parties as reflected in the terms of the contract was that the payment date each year would be on October 31. As long as both principal and interest were paid by October 31, any amount could be paid prior to that time and be allocated as the purchaser directed.

■ It is a settled principle of law that a debtor may direct the application of his payments to any one of several debts or even to a specific item of one debt, 70

C.J.S. Payment § 52; 40 Am.Jur., Payment, § 110; Shull v. Lawrence, 32 Idaho 527, 186 P. 246 (1919), and he may direct his payment to be applied to principal to the exclusion of interest. Wellington, Sears & Co. v. King, 157 Va. 767, 161 S.E. 889 (1932).

■ The Finneys are estopped to argue that the August prepayment should now be partly allocated to interest. The contract provided that payments accepted by the escrowholder were tantamount to payments accepted by the Finneys and exhibit 4 (the receipt issued by the escrowholder to the Damianos evidencing their payment) establishes that the payment was tendered and accepted as a payment to be applied only to principal. Once a creditor has accepted a payment from his debtor after the debtor has directed that the payment be applied for a certain purpose, the creditor is estopped to apply that payment for any other purpose. Hartford Accident & Indemnity Co. v. City of Sulphur, 123 F.2d 566 (10th Cir. 1941), cert. denied 315 U.S. 805, 62 S.Ct. 633, 86 L.Ed. 1204 (1942); 70 C.J.S. Payment § 55.

The $4,700.00 payment made by the Damianos on August 28 reduced the principal amount due under the contract to $65,-800.00, and, therefore, the fixed price option became available to the Damianos.

Appellants suggest that when a fixed price option and a first refusal right are found in the same contract, the purchaser's right to exercise the fixed price option is lost after he receives notice of a third party offer. At this point, appellants contend, the purchaser has only his right of first refusal by which he can equal or better the third party offer. We have examined the authorities cited and find that there is substantial conflict in the cases interpreting those contracts which contain both fixed price option and first refusal rights. We believe, however, that the condition precedent included in the contract in the case at bar avoids many of the problems that exist in the cases cited by appellants. The condition precedent in the contract in question makes it clear that the first refusal rights and the fixed option rights are not inconsistent.

■ It is basic contract law that an option for which value is given constitutes an irrevocable offer by the optionor which continues for the period stated in the option, (in this case five years), and which creates a power of acceptance in the optionee. 1A Corbin on Contracts, § 259 (1963). During the period that the offer continues the optionor cannot accept any other offers on the subject matter of the option unless the contract so provides. 1A Corbin on Contracts, § 261B (1963). In this case the contract did so provide for other offers. However, the Finneys could accept third party offers for Parcel B only if (1) the third party offer was bona fide, (2) the Finneys communicated the terms of the third party offer to the Damianos, (3) the Finneys gave the Damianos 30 days in which to equal or better the third party offer, and (4) the principal balance owed on the original contract was still above $65,800.00. If at any time the condition precedent was performed by the Damianos reducing the balance to $65,800.00, then the Finneys were bound by their grant of the option and the right to sell to anyone else was gone for the period of the option.

On the other hand, the Damianos had only a right of first refusal until such time as they reduced the principal balance to $65,800.00. The first refusal provision and the fixed price option provision covered two separate time periods and are, therefore, consistent. It was conceded that it was the intent of the parties to the contract that the Finneys should have the right to sell parcel B to a third party until such time as the Damianos had demonstrated by the investment of sufficient capital their serious intention to make full payment on the original contract. During that time, however, the Damianos were afforded some degree of protection by their right of first refusal whereby they could at least purchase parcel B at the same price as could

anyone else. The parties then selected $65,800.00 as a point in the required payments at which the Damianos had demonstrated their ability to pay and thus had earned the right to exercise the fixed price option. At that point the right to exercise the option and accept its terms became vested in the Damianos.

There is no dispute concerning the correctness of the Damianos' tender of down payment on parcel B, and we, therefore, hold that the tender was a valid acceptance of the option offer. Because of the result reached herein, we find it unnecessary to consider appellants' assignment of error regarding the district court's finding that the Finneys had failed to live up to the terms of the original contract because of a variance between the terms of the proposed contract between the Finneys and the third party offeror as communicated to the Damianos in August as compared with the final contractual terms of the agreement executed between the Finneys and the third party offerors on November 15.

■ We consider finally the motions of both parties for attorney's fees on appeal. The parties herein provided in their contract:

"In the event any legal action of any nature is brought by either party to this Contract, the prevailing party shall be entitled to reasonable attorney's fees as fixed by the Court."

The district court awarded attorney's fees to plaintiffs-respondents for the trial of the action in the district court, and we award plaintiffs-respondents the additional sum of $1,500.00 as attorney's fees on this appeal. The district court is directed to provide for such additional attorney's fees in the judgment, and as so modified the judgment of the district court is affirmed. Costs to respondents.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.