COMMISSIONER OF REVENUE *vs.* JACK E. MOLESWORTH & another.[1]

Suffolk. September 7, 1990. - November 15, 1990.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Taxation,* Interest and penalties, Income tax.

The Appellate Tax Board correctly concluded that the Commissioner of Revenue did not have discretion, in the absence of statutory authority, to apply a taxpayer's partial payments of assessments to penalties and interest contrary to the taxpayer's express direction to apply the payment to the underlying taxes due. [582-583]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*David G. Saliba* for the taxpayers.

*Thomas A. Barnico,* Assistant Attorney General, for the Commissioner of Revenue.

LYNCH, J. The Commissioner of Revenue (commissioner) appeals from a decision of the Appellate Tax Board (board) ruling that the taxpayers may direct the commissioner to apply partial payments for late taxes to their underlying tax liabilities. We transferred the case here on our own motion and now affirm.

Throughout the 1970's, Jack Molesworth suffered financial problems, due in part to the loss in a robbery, in 1971, of the entire inventory of his rare postage stamp business. Jack and Phyllis Molesworth (taxpayers) failed to file timely income tax returns or pay income taxes for the years 1978, 1979, and 1980. The commissioner assessed interest and penalties

---

[1] Phyllis Molesworth.

under G. L. c. 62C, §§ 32 and 33 (1988 ed.), for failure to file timely returns and failure to pay taxes for all three years.

The taxpayers made partial payments of the assessments for each of the years in question, and appealed from the commissioner's refusal to abate the penalties and interest for those years. The board upheld the commissioner's decision, and ordered both parties to submit computations of the amount to be abated by the Molesworths' partial payments. The commissioner's computations showed the taxpayers' payments were not applied to reduce the underlying tax liabilities until all interest and penalties accrued so far had been paid. As a result the taxpayers still owed balances on the original taxes, and the commissioner continued to charge interest and penalties on those balances. The taxpayers submitted separate computations, and claimed they owed a much smaller balance because their payments should have been applied first to the underlying taxes assessed.

The board ruled that the application of tax payments is similar to the application of payments on a debt and, therefore, depend on directions given by the debtor at the time of payment. The board found that the taxpayers had directed that the amounts paid be applied to underlying taxes due. The board reasoned further that the commissioner's methodology had the effect of pyramiding interest and penalties on interest and penalties. The board concluded that the Legislature did not give the commissioner discretion to have so large an impact on the amount of tax for which taxpayers could ultimately be held liable. We agree.

The determination of the amount of a tax, and of the amounts of interest and penalties which may be charged for delinquent taxes, is a legislative function. "The right to tax must be found within the letter of the law and is not to be extended by implication." It is a well-established principle that tax laws are to be strictly construed, and ambiguities in tax statutes are to be resolved in favor of the taxpayer. See, e.g., *Boston Safe Deposit & Trust Co.* v. *State Tax Comm'n*, 346 Mass. 100, 105 (1963); *State Tax Comm'n* v. *Gray*, 340 Mass. 535, 540 (1960); *Squantum Gardens, Inc.*

v. *Assessors of Quincy*, 335 Mass. 440, 447-448 (1957); *Cabot* v. *Commissioner of Corps. & Taxation*, 267 Mass. 338, 340 (1929); *Chirillo* v. *Commissioner of Revenue*, 25 Mass. App. Ct. 98, 103 (1987).

No statute addresses the order in which the commissioner may apply partial payments. General Laws c. 62C, § 32, authorizes the charging of interest for any amount of tax not paid before its statutory due date. The commissioner points to G. L. c. 62C, § 1, to argue that the term "tax" upon which interest may be charged under § 32 includes interest and penalties. Section 1 provides: "The following words as used in this chapter shall, *unless the context otherwise requires*, have the following meanings: . . . "Tax", any tax, excise, interest, penalty, or addition to tax imposed by this chapter" (emphasis added). However, there is no statutory due date for a penalty or interest assessment.[2] General Laws c. 62C, § 33, authorizes the charging of penalties for late filing of income tax returns, late payment of taxes, and failure to make timely tax payments that should have been shown on a return but were not shown. There is no statutory authority for the imposition of penalties or interest on unpaid penalties and interest.

The commissioner, however, claims a tax obligation is subject to the rule stated in *Plasko* v. *Orser*, 373 Mass. 40, 42 (1977), that "absent any express agreement to the contrary, partial payments on an interest bearing debt are applied first to the interest due, with any excess payment to be applied to reduce the principal debt." In many jurisdictions this rule is not applied where a debtor makes a payment with directions that it shall be applied to principal, and the creditor accepts it without immediate protest, because such acceptance is tantamount to an agreement binding the creditor to apply the money as directed. See, e.g., *Damiano* v. *Finney*, 93 Idaho 482 (1970); *Ram Co.* v. *Estate of Kobbeman*, 236 Kan. 751

---

[2]Although G. L. c. 62C, § 32, requires payment within thirty days of an assessment under §§ 26, 27, 28, and 30, penalties and interest are not assessed under those sections but rather under §§ 32 and 33.

(1985); *Monidah Trust* v. *Hruze*, 62 Mont. 444, 449 (1922); *Appelget* v. *Van Hise*, 44 N.J. Super. 507 (1957); *Kann* v. *Kann*, 259 Pa. 583 (1918). This reasoning has been applied to the payment of property taxes. See *State* v. *Erie R.R.*, 23 N.J. Misc. 203, 215 (1945). The Internal Revenue Service by rule follows the directions of the taxpayers as to the application of payments. In the absence of such specific directions, partial payments will be applied by the IRS first to tax, then to penalty, then to interest. (This revenue ruling does not apply to alcohol, tobacco, and firearms taxes, withheld employment taxes, or collected excise taxes.) Rev. Rul. 73-305, 1973-2 C.B. 43.

We need not decide here whether, in the case of commercial transactions, the acceptance of payment without protest is tantamount to the express agreement on the application of partial payments required by the rule referred to in *Plasko* v. *Orser, supra*. We merely conclude that, commercial practice notwithstanding, the commissioner is not authorized to apply partial payments contrary to the taxpayer's express directions in the absence of statutory authorization.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*