EDWARD L. GEARY *vs.* COMMISSIONER OF CORPORATIONS
AND TAXATION.

Suffolk.   April 6, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Taxation,* Income tax.  *Subrogation.  Guaranty.*

In computing a gain under the income tax law, the "cost" to a guarantor
of collateral of the debtor which the guarantor took over when he
paid the debt upon default by the debtor was not the amount of the
debt so liquidated but was the market value of the collateral on the
date on which it was taken over.

APPEAL from a decision by the Appellate Tax Board deny-
ing an abatement of an income tax.

The board among other findings found that the taxpayer
"arrived at a figure of $220.36 per share of the stock in
question as the cost thereof by taking the sum of $225,869.80
as his purchase price of all the securities and then prorating
that amount among the various securities, in accordance
with their market values."

*E. C. Park,* for the taxpayer.

*M. A. Westgate,* Assistant Attorney General, for the Com-
missioner of Corporations and Taxation.

LUMMUS, J.   The taxpayer was a member of the firm of
Hornblower and Weeks, and had guaranteed the firm against
loss on the margin account of one Guiney with that firm.
Guiney owed that firm $225,869.80, which was greatly in
excess of the value of his collateral security.   On February
29, 1932, the taxpayer paid Guiney's debt to the firm, and
took over the collateral, which included one hundred shares
of stock of New River Company.   In 1938 the taxpayer sold
that stock.   In computing his taxable gains, by taking the
cost of all the collateral taken over as $225,869.80, the tax-
payer found that taking all the collateral at its market value
the pro rata cost of the New River Company stock was $220.36
a share.   The respondent in assessing the tax took as the

cost the market value on February 29, 1932, which was $35 a share. The taxpayer paid the tax as assessed by the respondent, and applied for an abatement. The Appellate Tax Board denied an abatement, and the taxpayer appealed to this court. The only question relates to the "cost" of the New River Company stock. G. L. (Ter. Ed.) c. 62, § 5 (c), as appearing in St. 1935, c. 481; § 7. The burden of establishing error in the assessment is on the taxpayer. G. L. (Ter. Ed.) c. 62, § 45. *Staples* v. *Commissioner of Corporations & Taxation*, 305 Mass. 20, 26. *Commissioner of Corporations & Taxation* v. *Filoon*, 310 Mass. 374, 376.

Of course a taxpayer who in good faith pays for property more than it is worth may nevertheless be entitled to have his gains, if any, computed according to the actual cost. *Van Sciver* v. *Rothensies*, 122 Fed. (2d) 697. But here there was not merely a purchase of the stock. The taxpayer was bound to pay the whole debt as a guarantor, and took the collateral by way of subrogation. *Fitcher* v. *Griffiths*, 216 Mass. 174, 176. Sheldon, Subrogation (2d ed.) §§ 86, 87. He paid for two things, the collateral, and freedom from liability on his guaranty. *Madden* v. *Commissioner of Corporations & Taxation*, 280 Mass. 321, 324, 325. No division of the price was made between them. *Pennsylvania Indemnity Co.* v. *Commissioner of Internal Revenue*, 30 B. T. A. 413. *Raymond* v. *Commissioner of Internal Revenue*, 40 B. T. A. 244. *Majestic Securities Corp.* v. *Commissioner of Internal Revenue*, 42 B. T. A. 698. Under these circumstances the cost of the stock was rightly fixed at its market value on the day it was obtained by the taxpayer. *Helvering* v. *Taylor*, 293 U. S. 507.

*Petition for abatement dismissed.*