STEPHEN A. STONE & another *vs.*
STATE TAX COMMISSION
(and three companion cases).

Suffolk. December 7, 1972. — February 9, 1973.

Present: TAURO, C. J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Income tax. *Evidence,* Presumptions and burden of proof.

Payments made to an inhabitant of this Commonwealth under a foreign trustee's agreement to pay him an annuity of a specified amount out of the income and principal of a trust, the sufficiency of which the trustee did not warrant, were properly taxed to the inhabitant at six per cent as dividend income under G. L. c. 62, §§ 1, 11, not at one and one-half per cent as annuity income under § 5 (a), as amended by St. 1954, c. 679, § 3, where the inhabitant merely proved that he and the settlor of the trust had each transferred property to the trust and that the inhabitant was not a named beneficiary of the trust, although his wife and children were named beneficiaries. [65–67]

APPEALS from decisions of the Appellate Tax Board.

*Jack H. Calechman* for the taxpayers.

*Terence P. O'Malley,* Assistant Attorney General, for the State Tax Commission.

BRAUCHER, J. These are appeals by the taxpayers from a decision of the Appellate Tax Board. In 1961 the taxpayers reported certain payments made to them as

annuity income, taxable at one and one-half per cent under G. L. c. 62, § 5 (a), as then in effect. The State Tax Commission assessed additional income taxes, treating the payments as dividend income taxable at six per cent under G. L. c. 62, §§ 1, 11, and denied applications for abatement. Before the board the parties stipulated that the decision in the appeal of Stephen A. Stone and another should be binding on the appeals of David G. Stone and another, Irving Mann and another, and Dewey D. Stone and another; and a similar stipulation has been made with respect to the appeals to this court. The board made findings of fact and a report and rendered a decision for the commission.

The case of Stephen A. Stone (the taxpayer) and another involves two trusts, which present identical issues. We summarize the findings with respect to only one of them. In December, 1959, N. Louis Stone transferred property to a bank in Bermuda as trustee, naming the wife and children of the taxpayer but not the taxpayer himself as beneficiaries. On the same day the taxpayer transferred property to the trustee, and the trustee agreed to pay to the taxpayer an annuity of $4,400. The payments were to be made out of the income and principal of the trust, and the trustee did not warrant the sufficiency of the income and principal. During the taxable year 1961 the trustee, pursuant to the annuity agreement, paid $4,400 to the taxpayer.

1. There is no finding whether there was any family relationship between N. Louis Stone and the taxpayer, whether the assets contributed to the trust by N. Louis Stone were substantial in relation to the property transferred by the taxpayer, whether the transaction between the taxpayer and trustee was on such terms as might have been agreed to in an arm's-length transaction between an insurance company and an annuitant, or whether the payments to the taxpayer were made out of the income or the principal of the trust. On all such issues, if material, the taxpayer had the burden of proof. "The burden of establishing error in the assessment is on the

taxpayer. G. L. (Ter. Ed.) c. 62, § 45. *Staples* v. *Commissioner of Corporations & Taxation,* 305 Mass. 20, 26. *Commissioner of Corporations & Taxation* v. *Filoon,* 310 Mass. 374, 376." *Geary* v. *Commissioner of Corps. & Taxn.* 313 Mass. 755, 756.

2. The governing statute is G. L. c. 62, § 5 (a), as amended by St. 1954, c. 679, § 3: "On the amount by which the income from annuities exceeds the exemption provided in subsection (f) of this section there shall be levied, assessed and collected a tax at the rate of one and one half per cent. The income of property held in trust shall not be exempted from taxation under section one nor shall payments to beneficiaries be taxed under this section, because of the fact that the whole or any part of the payments to the beneficiaries is in the form of an annuity." We have upheld the taxation under §§ 1 and 11 of trust income received by a beneficiary from a foreign trustee even though "in the form of an annuity." *Tirrell* v. *Commissioner of Corps. & Taxn.* 287 Mass. 464, 471–472. *Staples* v. *Commissioner of Corps. & Taxn.* 305 Mass. 20, 23–25. The commission contends that the same rule applies even though the payments are made to a person who is not a beneficiary of the trust. The argument is that the first part of the governing sentence stands on its own: "The income of property held in trust shall not be exempted from taxation under section one . . . ." In view of the placement of the sentence in a paragraph dealing with the taxation of annuities, however, we think the entire sentence is qualified by the clause "because of the fact that the whole or any part of the payments to the beneficiaries is in the form of an annuity." See the *Tirrell* case, *supra,* at 468; the *Staples* case, *supra,* at 24. This reading is confirmed by the placement of a comma after the first two clauses and before the qualifying clause. Thus the sentence has application only to payments of trust income to beneficiaries of the trust.

3. It follows that if a trustee, in investing trust funds, sells an annuity at arm's length to a person not connected

with the trust, the annuitant might be taxable at the annuity rate. Cf. *Dunigan* v. *United States,* 434 F. 2d 892, 893 (5th Cir.). It does not follow that a taxpayer who is in effect the settlor and life beneficiary of a trust can achieve the same result by avoiding the use of trust language and using language of annuity. So far as appears the purported settlor of the trust here in issue may have been a close relative of the taxpayer, acting at the direction of the taxpayer. The purported settlor of the trust may have contributed an inconsequential sum to the trust to create the form of a trust without economic subsance. The annuity promised by the trustee may have been adjusted so as to use up most of the income of the property transferred by the taxpayer, leaving the principal and any balance of income for the benefit of the objects of the taxpayer's bounty. The named beneficiaries of the trust were the taxpayer's wife and children.

If these were the facts, we would have no doubt that the taxpayer was sufficiently a beneficiary of the trust within the meaning of § 5 (a) to preclude taxation at the annuity rate. Unlike the usual purchaser of a commercial annuity, he would have no assurance of payment beyond the continuing value of the property originally transferred by him. If he died soon, his wife and children would benefit. If he lived longer than his normal life expectancy, he would receive no more than the property which was originally his plus its income. See Kassoy, the Private Annuity and the Foreign Situs Trust, 16 U. C. L. A. L. Rev. 86, 113; Ekman, Utility of Private Annuities in Estate Planning, 27 N. Y. U. Inst. on Fed. Taxn. 421, 426. Cf. *Bacon* v. *Commissioner of Corps. & Taxn.* 266 Mass. 547, 549–550. If the facts were otherwise, the taxpayer has not proved them. In the circumstances which were proved, the assessment treating the payments as dividend income adequately put the taxpayer on notice that he was being treated like a beneficiary and that he had the burden of establishing any facts requiring different treatment.

*Decision affirmed.*